Jane DOE, Appellant,

v.

The IOWA STATE BOARD OF PHYSICAL THERAPY AND OCCUPATIONAL THERAPY EXAMINERS; and Richard Davison, Sharon Simmons, Deborah Green, Kristi Livingston, Ferol Menzel, and Jean Linder, as members of the Iowa State Board of Physical Therapy and Occupational Therapy Examiners, Appellees.

No. 67300.

Supreme Court of Iowa.

June 16, 1982.

Thomas P. Lenihan of Marks, Marks & Marks, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Susan Barnes Brammer, Asst. Atty. Gen., for appellees.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

McCORMICK, Justice.

The question here concerns the confidentiality of the identity of persons who make licensee misconduct complaints to professional and occupational licensing boards. Petitioner, a licensed physical therapist using the pseudonym Jane Doe to protect her own identity, contends she has a right to know the name of a person who complained about her to respondent Iowa State Board of Physical Therapy and Occupational Therapy Examiners. The board investigated the complaint and concluded it was without merit. When petitioner requested disclosure of the complaint data, the board refused on the ground the complaint file is confidential under section 258A.6(4), The Code, unless a disciplinary action is initiated. Upon judicial review, the district court sustained respondent's motion to dismiss on the same ground. We affirm the district court.

Principles governing review of an order sustaining a motion to dismiss are delineated in *Berger v. General United Group, Inc.*, 268 N.W.2d 630, 633–34 (Iowa 1978). Petitioner asserted a legal right to the complaint information in the circumstances al-

leged in the district court petition. We assume the alleged circumstances are true for purposes of review. The fighting issue is whether, in these circumstances, section 258A.6(4) precludes petitioner's access to the file that would reveal the identity of the complainant against her. The relevant circumstances can be briefly summarized.

The board received the complaint at a regular board meeting. The complainant informed the board of a suspicion that Jane Doe, who holds a physical therapy license, was engaged in illegal drug traffic. The board referred the substance of the complaint to the department of criminal investigation for investigative assistance. Subsequently the DCI reported to the board that two of its agents interviewed Jane Doe and she denied any involvement in illegal drug activity. The DCI expressed an intention not to pursue the issue. The board then determined that no reason existed to initiate any disciplinary proceeding and closed its investigative file. Petitioner's attorney then wrote the board, informing it of petitioner's belief that the complaint was filed with malicious intent and requesting copies of all investigative data including the complainant's name. The board subsequently notified the attorney that the board considered the information confidential under section 258A.6(4) and therefore would not disclose it.

Petitioner then commenced her district court action for judicial review and mandamus. The board filed a motion to dismiss and, when the motion was sustained, petitioner took the present appeal. Our task is to determine whether the district court ruling was correct.

All records of a state board are public records. § 68A.1. A citizen has access to them unless some provision of the Code "limits such right or requires such records to be kept secret or confidential." § 68A.2. The board contends that section 258A.6(4) is such a provision.

In relevant part, section 258A.6(4) provides:

> In order to assure a free flow of information for accomplishing the purposes of this section, and notwithstanding section 622.10, all complaint files, and investigation files, and all other investigation reports and other investigative information in the possession of a licensing board or peer review committee acting under the authority of a licensing board or its employees or agents which relates to licensee discipline shall be privileged and confidential, and shall not be subject to discovery, subpoena, or other means of legal compulsion for their release to any person *other than the licensee and the boards, their employees and agents involved in licensee discipline*, or be admissible in evidence in any judicial or administrative proceeding *other than the proceeding involving licensee discipline*. However, a final written decision and finding of fact, including a decision referred to in section 258A.3, Subsection 4, shall be a public record. (emphasis added).

The statute thus provides that all complaint files and investigative data are confidential subject to the stated exception.

Petitioner alleges she comes within the exception because she is a licensee. The board contends a licensee is entitled to the information only when "involved in licensee discipline" and then only for purposes of "the proceeding involving licensee discipline." Because licensee discipline was not initiated in this case, the board asserts the exception is inapplicable.

We construe words and phrases according to the context and approved usage of the language, giving technical words and phrases their appropriate legal meaning. § 4.1(2). In doing so, we presume, among other things, that the entire statute is intended to be effective, a just and reasonable result is intended, and the public interest is favored over any private interest. § 4.4(2), (3), and (5).

█ It is obvious from the context, stated purpose and language of section 258A.6 that the disclosure exception applies only when a disciplinary proceeding has been initiated. First, the statute makes a consistent distinction between investigation of

a complaint and a disciplinary proceeding. Second, subsection 4 is part of a section dealing only with disciplinary hearings. Third, the stated objective of subsection 4 to assure a free flow of information for complaint and investigative purposes would be defeated if licensees had access to complaint files in these circumstances. Finally, disclosure for use of the information in private litigation would nullify the statutory bar to use of the information "in any judicial or administrative proceeding other than the proceeding involving licensee discipline."

"Disciplinary proceeding" is defined in section 258A.1(6) as "any proceeding under the authority of a licensing board pursuant to which licensee discipline may be imposed." The distinction between investigative and disciplinary proceedings is shown in section 258A.3(1). A board is granted power to investigative complaints. § 258A.3(1)(c). It may determine from its investigation that a disciplinary proceeding is warranted. § 258A.3(1)(d). When such determination is made, the board may initiate and prosecute disciplinary proceedings. § 258A.3(1)(e). The distinction is also made in section 258A.5(1), authorizing the board to establish disciplinary procedures by rule. These rules must designate who may initiate a "licensee disciplinary *investigation* and a licensee disciplinary *proceeding.*" § 258A.5(2)(b) (emphasis added). The distinction is carried through in the rules adopted by respondent board. A disciplinary proceeding is to be initiated under the rules only when an investigation discloses probable cause for a disciplinary hearing. 470 I.A.C. § 138.103.

Placement of the confidentiality provision in section 258A.6 is significant because the other provisions of the section concern disciplinary hearings rather than investigations. The context strongly suggests that the exception to confidentiality of investigative information is for hearing purposes only.

This suggestion is reinforced by the language of the subsection itself. It is difficult to see how the stated objective of "free flow of information" for investigative pur-

poses could be achieved if a licensee had a right of access to the complaint file during the investigative phase. Such disclosure would obviously have a chilling effect on the willingness of citizens to make complaints. It would thus exalt a private interest over the public interest. Moreover, the context reinforces the notion that the language "involved in licensee discipline" modifies the term "licensee" in the clause giving a licensee access to the information. Use of the information is restricted by the same clause to "*the* proceeding involving licensee discipline." (emphasis added). Furthermore, use of the information in any other proceeding is barred. It would be strange if petitioner had a right to obtain the information for the purpose of bringing an action in which she could not use it.

■ Petitioner contends that legislative intent to permit her to have the information is shown by section 258A.8(2), which grants immunity from civil liability to complainants but denies immunity for the filing of a complaint with malice. This exception does not affect the stage of proceeding in which the identity of the complainant is required to be revealed. It merely limits the circumstances in which immunity is available to a complainant against whom a civil claim might be made at any time.

Any doubt about the meaning of section 258A.6(4) is resolved by its legislative history. When the provision was initially enacted, it contained no exception to the requirement of confidentiality. An explanation attached to the bill provided in part:

> [This subsection] provides that in order to assure a free flow of information for accomplishing the purposes of licensee peer review and discipline, all information such as complaint files, investigations files and records and other investigation information in the possession of a licensing board shall not be subject to discovery, subpoena, or other means of legal compulsion for their release to any person or be admissible in evidence in any judicial or administrative proceeding. A final written decision and finding of fact of a licensing board, including informal

stipulation and agreements, shall be a public record.

*See* Explanation to S.F. 312, 1977 Session, 67th G.A., ch. 95, § 6. If taken literally this absolute prohibition would bar use of investigative information even in a licensee disciplinary proceeding, which is certainly an "administrative proceeding." In any event, the act certainly seemed to preclude disclosure of the information to the licensee even after commencement of a disciplinary proceeding. The provision was effective January 1, 1978. Almost immediately thereafter, during the 1978 session of the General Assembly, the provision was amended to add the exception. The explanation to the amending bill provided in relevant part: "This bill makes technical corrections to S.F. 312 drafted during the Sixty-Seventh General Assembly, 1977 Session . . . ." *See* Explanation to H.F. 2433, 1978 Session, 67th G.A., ch. 1097, § 9. If it were adopted to do any more than preclude an obviously unintended literal application of the original language of the provision, the amendment could not fairly be characterized as merely a technical correction.

■ We find that investigative information is confidential under section 258A.6(4). Disclosure to a licensee is barred unless or until a disciplinary proceeding against the licensee is initiated. No such proceeding was initiated in this case. Therefore we hold that the board's interpretation and application of section 258A.6(4) was correct.

■ Petitioner separately contends that the board's refusal of disclosure was nevertheless illegal because based on an interpretation of section 258A.6(4) that was not adopted in conformity with section 17A.3. In relevant part, section 17A.3 provides that an agency "interpretation" is invalid until after it has been made available for public inspection and indexed. In that context, "interpretation" includes an advisory interpretation of a statute that has been adopted by the agency to aid it in the discharge of its functions. The provision is intended to prohibit undisclosed but authoritative interpretations of law or policy that are equivalent to secret rulemaking. *See* Bonfield,

*The Iowa Administrative Procedure Act: Background, Construction, Applicability, Public Access to Agency Law, The Rulemaking Process,* 60 Iowa L.Rev. 731, 785, 801 (1975).

■ In this case, the board was not attempting to bind petitioner with the precedential effect of a prior interpretation of the statute. Instead it was attempting to bind her through its direct application. No "secret law" was involved. In these circumstances, section 17A.3 does not come into play. *See Young Plumbing and Heating Co. v. Iowa Natural Resources Council,* 276 N.W.2d 377, 383 (Iowa 1979); *see also Equitable Life Mortgage and Realty Investors v. New Jersey Division of Taxation,* 151 N.J.Super. 232, 376 A.2d 966, *cert. denied,* 75 N.J. 535, 384 A.2d 514 (1977); *Barry Laboratories, Inc. v. Wisconsin State Board of Pharmacy,* 26 Wis.2d 505, 132 N.W.2d 833 (1965).

The board was right in refusing disclosure of the complaint's identity to petitioner, and the district court was correct in sustaining the board's motion to dismiss.

AFFIRMED.