Wayne E. Imber, M.D., appeals the district court's ruling on judicial review of the Iowa Board of Medical Examiner's decision. We affirm.
I. Background Facts and Proceedings
Imber was licensed to practice medicine in Iowa in 1982. He did not renew his license, and it lapsed on October 1, 1984. In 1996 the Medical Board of California filed charges against Imber concerning the over-billing and over-treatment of three patients. The charges were later amended to include incidents with two additional patients. In August 1997 Imber surrendered his California medical license in a settlement agreement of the charges pending against him. The agreement acknowledged that Imber was represented by counsel and had waived his rights to a formal hearing. The agreement also stated that the charges, if proven at a hearing, would constitute a cause for imposing discipline. As part of the agreement, Imber agreed to reimburse the California Board $45,000 for the costs of investigation and prosecution if he applied for reinstatement of his license at a future date.
In December 2001 the Iowa Board of Medical Examiners (Board) filed a complaint against Imber based on the fact that he had been disciplined in another state. Imber filed an application for injunctive relief requesting the charges be dismissed because he did not have an active Iowa medical license. The Board filed a motion to dismiss the application arguing Imber did not meet the requirements for seeking judicial review of agency action as specified in Iowa Code section 17A.19(1) (2001). The district court granted the motion to dismiss. Imber appealed to the Iowa Supreme Court.
During the pendency of Imber's appeal to the supreme court the Board adopted a new policy that changed how it pursued disciplinary action against physicians with inactive licenses. In turn, on April 24, 2002, the Board entered an order dismissing the complaint and statement of charges against Imber. The dismissal order stated as follows:
 Due to limited resources and because it will not impact public safety the board will not pursue formal disciplinary action against an Iowa-licensed physician based on disciplinary action taken in another state, if the physician's Iowa medical license is inactive.
 The board may re-file the statement of charges against Dr. Imber in the event Dr. Imber seeks reinstatement of his Iowa medical license.
Accordingly, Imber dismissed his pending appeal to the Iowa Supreme Court. A record of the Board's dismissal was placed on the Board's public website.
On June 14, 2005, Imber demanded the Board remove and expunge from its website published records and disciplinary files regarding the formal commencement of the disciplinary action and the subsequent dismissal. The Board denied his request on the grounds that Iowa law did not permit the Board to expunge such records.
Imber filed a petition for judicial review. Imber claimed he was entitled to relief because his substantial rights had been prejudiced by agency action that was in violation of Iowa law.See Iowa Code § 17A.19(10). The district court affirmed the Board's decision. The district court concluded that, even though Imber's license was inactive, he was a licensee and the Board had the authority to investigate. The district court also concluded the dismissal was a public record because it resolved the investigation and therefore qualified as a final agency decision. Finally, the district court concluded the Board did not have the authority to expunge a public record from a disciplinary proceeding and Imber failed to show the requisite prejudice.
On appeal, Imber argues the court erred in ruling the dismissal was a final decision of the Board. Imber also contends the Board did not have jurisdiction to initiate the disciplinary proceedings against him because (1) the California proceeding was not a "disciplinary action" and (2) he was not an Iowa licensee.
II. Standard of Review
Judicial review under Iowa Code section 17A.19 is at law, not de novo, and the reviewing court exercises appellate jurisdiction to correct errors of law when reviewing agency action. IBP, Inc. v. Harpole, 621 N.W.2d 410, 414 (Iowa 2001). The reviewing court may only reverse, modify, or remand the agency's action "if it determines that substantial rights of the person seeking judicial relief have been prejudiced" for any of the reasons specified in Iowa Code sections17A.19(10)(a)-(n). The party seeking judicial review has the burden of demonstrating the required prejudice and invalidity of the agency action. Iowa Code § 17A.19(8)(a).
III. Merits
A. Confidentiality
As noted above, the Board dismissed the complaint against Imber after it adopted a policy that it would no longer pursue formal disciplinary action based on disciplinary action taken in another state so long as the physician's Iowa license was inactive. Imber claims the dismissal of the complaint was confidential and therefore should not have been made a matter of public record. Imber claims the district court erred in affirming the Board's denial of his request to expunge his record and make the record of the disciplinary proceeding confidential.
Iowa Code section 272C.6(4) seeks "to assure a free flow of information" for investigative purposes by making the following documents confidential: "all complaint files, investigation files, other investigation reports, and other investigative information" in the possession of the licensing board which relates to the licensee discipline.[1] However, the "final written decision and finding of fact of a licensing board in a disciplinary proceeding . . . is a public record" and is not confidential. Id. § 272C.6(4); see alsoid. § 17A.3(1)(e) (stating all state agencies must make "all final orders, decisions, and opinions" available for public inspection). Imber contends the dismissal was not a final decision that could be released as a public record because there were no findings of fact included in the written dismissal. We disagree.
The written dismissal qualifies as a final order because it was the final decision resolving the investigation and concluding the case. The order also set forth the facts of the case. The dismissal set forth the date Imber was originally licensed, the date his license went inactive, the date the current charges were filed against him, the procedural status of the case, the recent policy decision not to pursue disciplinary cases against any physician with an inactive license based on out-of-state discipline, and the Board's reasoning behind such a policy. In essence, Imber argues there were no findings of fact because the dismissal did not describe the nature of the disciplinary action taken in California or contain any other type of investigative information. We reject this argument.
There is no requirement that the Board set forth all known facts. It would be nonsensical to require that the Board include all factual findings for public inspection when the same statute keeps "all complaint files, investigation files, other investigation reports, and other investigative information in the possession of a licensing board" confidential. Id.
§ 272C.6(4).
We find the Board set forth enough facts to qualify the decision as a final written decision and finding of fact under section 272C.6(4). Accordingly, we find the district court did not err in affirming the Board's denial of Imber's request to expunge the information from its website.
B. Jurisdictional Arguments
Disciplinary Action. Iowa Code section 148.6(2)(d) gives the Board the authority to discipline a licensee who had disciplinary action taken against him by a licensing authority in another state. Imber argues that the surrender of his California license was not a disciplinary action under section148.6(2)(d) and therefore the Board did not have "jurisdiction" to take action against him.
Iowa Code section 148.6(2) casts a broad net for disciplining licensees. Not only may the Board discipline a licensee who has had their license revoked or suspended by the licensing authority of another state, but the Board may also discipline a licensee for "other disciplinary action taken by a licensing authority of another state, territory, or country."Id. § 148.6(2)(d) (emphasis added).
The record in this case amply demonstrates the California Board commenced formal disciplinary proceedings against Imber and resolved the matter by entering into a settlement agreement whereby Imber surrendered his California medical license. This falls squarely within the definition of "other disciplinary action" taken by another state, territory, or country. We find no jurisdictional problem here.
Licensee. Imber also argues the Board does not have jurisdiction or authority to pursue disciplinary action against him because his license has lapsed and is therefore invalid.[2]
The Iowa Code specifically grants the Board the power to "[i]nitiate and prosecute disciplinary proceedings" against "licensees." Id. § 272C.3 (authority of licensing boards). Imber contends the Board has no authority to investigate or discipline him because he is no longer a licensee. We disagree with this argument because it presumes the only form of licensee is an active or current licensee. On the contrary, the Iowa Code identifies multiple statuses of licensees. For example, section 272C.1(3) defines the process of "inactive licensee re-entry" as the "process a former or inactive professional or occupational licensee pursues to again be capable of actively and competently practicing as a professional or occupation licensee." This language identifies two different types of licensees: active licensees and former/inactive licensees. Similarly, section 272C.2(2)(f) directs the Board to issue rules for continuing education requirements that "[d]efine the status of active and inactive licensure and establish appropriate guidelines for inactive licensee re-entry." These code sections illustrate that the legislature contemplated that a licensee could be either "active" or "inactive."
The legislature gave the Board authority over all licensees. It did not limit the Board's authority to only active licensees. If the legislature had intended that the Board only have jurisdiction over active licensees, then it could have limited the Board's authority to that status. We therefore conclude the Board has authority to discipline all licensees, not only those that are actively licensed.
IV. Conclusion
We have considered all of the parties' arguments on appeal, whether or not we have discussed them. Because we find Imber did not demonstrate invalid agency action, we do not address whether he carried his burden of demonstrating prejudice. Seeid. § 17A.19(8)(a) ("in suits for judicial review of agency action. . . . [t]he burden of demonstrating the required prejudice and the invalidity of agency action is on the party asserting invalidity."). We affirm the district court's ruling.
AFFIRMED.
[1] In Doe v. Iowa State Board of Physical Therapy,320 N.W.2d 557, 560 (Iowa 1982), the Iowa Supreme Court found the purpose of this section was to ensure that individuals could file complaints against licensees, without fear of retaliation, and to prevent any "chilling effect on the willingness of citizens to make complaints." We do not decide today whether an additional purpose of this section is to protect physicians from the release of information pertaining to the Board's disciplinary process.
[2] Specifically, Imber argues the district court erred in utilizing the 2006 version of the Iowa Administrative Code, rather than the 2001 version, to conclude the Board has authority to pursue disciplinary action against him. Even if we presume the court improperly relied upon the 2006 Administrative Code to conclude the Board has jurisdiction, we find no reversible error because, for the reasons discussed below, we also conclude the Board has the authority to discipline a physician with an expired license.