# IN THE SUPREME COURT OF IOWA

No. 09 / 04-1535

Filed June 22, 2007

**JOHN DOE**,

Appellant,

vs.

**IOWA BOARD OF MEDICAL EXAMINERS**,

Appellee.

---

Appeal from the Iowa District Court for Polk County, Artis I. Reis, Judge.

Petitioner appeals the district court's ruling on judicial review affirming the board's disclosure of confidential information. **AFFIRMED.**

Michael A. Dee and Rebecca A. Brommel of Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Theresa O'Connell Weeg and Heather L. Adams, Assistant Attorneys General, for appellee.

**LARSON, Justice.**

John Doe appeals the district court's ruling on judicial review affirming the Iowa Board of Medical Examiners' disclosure of complaints pending investigation to the Massachusetts Board of Registration in Medicine upon Doe's application for a medical license in Massachusetts. Doe contends Iowa Code section 272C.6(4) (1999) does not permit such disclosure. On appeal, we affirm the ruling of the district court.

## I. *Facts and Prior Proceedings.*

John Doe was licensed by the Iowa Board of Medical Examiners (board) to practice medicine in Iowa in 1979 and did so until December 2000, when he relocated to Massachusetts. Prior to his relocation, Doe applied for a license to practice medicine in Massachusetts. The Massachusetts Board of Registration in Medicine (Massachusetts board) denied Doe's application to practice medicine. This denial was based, at least in part, on the existence of three complaints pending investigation by the board that the board disclosed to the Massachusetts board on its request.

In May 2001, Doe filed a complaint with the Iowa State Appeal Board, alleging the board unlawfully disclosed confidential information to the Massachusetts board. The State Appeal Board denied Doe's claim. In April 2004, Doe filed a petition for judicial review, alleging his substantial rights had been prejudiced by the board's disclosure of confidential information. After a hearing, the district court affirmed the State Appeal Board's denial of Doe's claim, concluding section 272C.6(4) permits the disclosure of complaints pending investigation to other states' medical licensing authorities. Prior to the hearing, the district court allowed Doe to amend his petition for judicial review to add claims for damages and attorney fees, concluding that such claims are permissible under Iowa Code section

17A.19(10). The board filed an application for appeal in advance of final judgment to determine whether the district court has the authority under Iowa Code section 17A.19(10) to allow a claim for monetary damages to be included in a petition for judicial review. The application was granted, and that issue has been consolidated with Doe's appeal.

Doe also filed a petition at law against the State of Iowa, contending the State violated section 272C.6(4) by disclosing confidential information to the Massachusetts board. The district court dismissed Doe's petition, concluding that section 272C.6(4) does not provide a private cause of action for violation of the statute. Doe appealed, and that appeal is also before us as case No. 04-1349.

## II. *Standard of Review.*

We review agency action for correction of errors at law. *Harvey's Casino v. Isenhour*, 724 N.W.2d 705, 706 (Iowa 2006). We apply the standards set forth in the Administrative Procedure Act, Iowa Code ch. 17A, to determine whether our conclusions are the same as those of the district court. *Univ. of Iowa Hosps. & Clinics v. Waters*, 674 N.W.2d 92, 95 (Iowa 2004). "Pursuant to Iowa Code section 17A.19(10), a court must reverse agency action when any one of several enumerated circumstances exists and 'substantial rights of the person seeking judicial relief have been prejudiced' as a result." *Mosher v. Dep't of Inspections & Appeals*, 671 N.W.2d 501, 508 (Iowa 2003) (quoting Iowa Code § 17A.19(10)).

The board's action in this case constitutes "other agency action," and as such, we review to determine whether the board committed an error of law, or acted unreasonably, capriciously, or arbitrarily. *Greenwood Manor v. Iowa Dep't of Pub. Health*, 641 N.W.2d 823, 831 (Iowa 2002) (citing *Sindlinger v. Iowa State Bd. of Regents*, 503 N.W.2d 387, 390 (Iowa 1993)). Agency action is considered arbitrary or capricious when the decision was

made " 'without regard to the law or facts.' " *Greenwood Manor*, 641 N.W.2d at 831 (quoting *Bernau v. Iowa Dep't of Transp.*, 580 N.W.2d 757, 764 (Iowa 1998)). Agency action is unreasonable if the agency acted " 'in the face of evidence as to which there is no room for difference of opinion among reasonable minds . . . or not based on substantial evidence.' " *Greenwood Manor*, 641 N.W.2d at 831 (quoting *Citizens' Aide/Ombudsman v. Rolfes*, 454 N.W.2d 815, 819 (Iowa 1990) (citation omitted)).

Additionally, this case involves the board's interpretation of section 272C.6(4). Our review of the board's interpretation of statutory language depends on whether such interpretation has "clearly been vested by a provision of law in the discretion of the agency." Iowa Code § 17A.19(10)(*c*). If such discretion has not been clearly vested in the board, we must reverse the board's decision if it is based on "an erroneous interpretation" of the law. *Id.* However, if such discretion has been clearly vested in the board, we will only reverse if the board's interpretation of the statutory language is "irrational, illogical, or wholly unjustifiable." Iowa Code § 17A.19(10)(*l*). In making this determination, we have stated:

> "[The word 'clearly'] means that the reviewing court, using its own independent judgment and without any required deference to the agency's view, must have a firm conviction from reviewing the precise language of the statute, its context, the purpose of the statute, and the practical considerations involved, that the legislature actually intended (or would have intended had it thought about the question) to delegate to the agency interpretive power with the binding force of law over the elaboration of the provision in question."

*Mosher,* 671 N.W.2d at 509 (quoting Arthur E. Bonfield, *Amendments to Iowa Administrative Procedure Act, Report on Selected Provisions to Iowa State Bar Association and Iowa State Government* 63 (1998)).

Statutory interpretation is normally a judicial function. *Locate.Plus.Com, Inc. v. Iowa Dep't of Transp.*, 650 N.W.2d 609, 613 (Iowa

2002). The statutory provision at issue in this case, section 272C.6(4), involves the confidentiality of information obtained in the course of investigating licensee misconduct. Whether information is confidential is not informed by the expertise of the board, but rather focuses on the interests of the parties. The legislature did not give the board discretion to determine what information is, and is not, confidential. Instead, the legislature attempted to draw a line between confidential and public information in the context of licensee discipline and, in so doing, chose not to give the board discretion to do so. Therefore, we review the board's interpretation of section 272C.6(4) for correction of errors at law pursuant to section 17A.19(10)(*c*) and not under the more deferential standard of section 17A.19(10)(*l*).

### III. *Discussion.*

Iowa Code section 272C.6(4) states, in relevant part:

> In order to assure a free flow of information for accomplishing the purposes of this section, . . . all complaint files, investigation files, other investigation reports, and other investigative information in the possession of a licensing board . . . which relates to licensee discipline are privileged and confidential, and are not subject to discovery, subpoena, or other means of legal compulsion for their release to a person other than the licensee and the boards, their employees and agents involved in licensee discipline, and are not admissible in evidence in a judicial or administrative proceeding other than the proceeding involving licensee discipline. *However, investigative information in the possession of a licensing board . . . which relates to licensee discipline may be disclosed to appropriate licensing authorities within this state, [or] the appropriate licensing authority in another state . . . in which the licensee is licensed or has applied for a license.*

(Emphasis added.) Section 272C.6(4) provides that all complaint files and investigative information are confidential, subject to a few exceptions. *See Doe v. Iowa State Bd. of Physical Therapy & Occupational Therapy Exam'rs*, 320 N.W.2d 557, 559 (Iowa 1982). The exception at issue in the present

case allows disclosure of investigative information that relates to licensee discipline to another state's licensing authority in which the licensee is licensed, or has applied for a license. Doe applied for a license to practice medicine in Massachusetts. The Massachusetts board is the appropriate licensing authority in that state. The issue before us, then, is whether the information disclosed by the board, i.e., complaints pending investigation, constitute investigative information "which relates to licensee discipline."

Our goal in interpreting a statute is to ascertain legislative intent. *Locate.Plus.Com, Inc.*, 650 N.W.2d at 616. In interpreting statutory language,

> [w]e construe words and phrases according to the context and approved usage of the language, giving technical words and phrases their appropriate legal meaning. In doing so, we presume, among other things, that the entire statute is intended to be effective, a just and reasonable result is intended, and the public interest is favored over any private interest.

*Iowa State Bd. of Physical Therapy*, 320 N.W.2d at 559 (citations omitted).

It is helpful to begin our analysis of the exception at issue with a brief discussion of the history of section 272C.6(4). When it was first enacted in 1977, section 272C.6(4) (then section 258A.6(4)) provided that complaint and investigative information relating to licensee discipline was to be kept confidential and was not to be subject to "discovery, subpoena, or other means of legal compulsion for their release to any person, or be admissible in evidence in any judicial or administrative proceeding." 1977 Iowa Acts ch. 95, § 6(4). Taken literally, section 258A.6(4) did not allow disclosure of complaint or investigative information, even during a disciplinary proceeding arising from that information. As a result, the legislature, during the next legislative session, adopted a technical amendment to section 258A.6(4) providing that complaint and investigative information

could not be disclosed to any person "other than the licensee and the boards . . . involved in licensee discipline" and was not admissible in any proceeding "other than the proceeding involving licensee discipline." *See Iowa State Bd. of Physical Therapy*, 320 N.W.2d at 560-61. We analyzed this disclosure exception in *Physical Therapy*. In that case, a licensee sought disclosure of a complainant's identity after the complaint had been investigated, found unsubstantiated, and closed. In concluding that the disclosure exception did not allow disclosure of the complainant's identity, we held that "the disclosure exception applies only when a disciplinary proceeding has been initiated." *Id.* at 559. This holding reinforced the purpose of the section—to ensure the "free flow of information" for complaint and investigative purposes. *Id.* at 560. We recognized that disclosure of a complainant's identity after the complaint had been investigated and closed would "have a chilling effect on the willingness of citizens to make complaints." *Id.*

The statute was again amended in 1982 to include two additional disclosure exceptions. The first exception authorized the release of investigative information "which relates to licensee discipline" to other states' licensing authorities. Iowa Code § 272C.6(4). The second exception mandated the release to law enforcement of information that "indicates a crime has been committed." *Id.* It is this first exception that is at issue in the present case.

Doe argues, relying on our holding in *Physical Therapy*, that section 272C.6(4) only allows disclosure of investigative information to other states' licensing authorities after formal disciplinary proceedings have been initiated. We do not think the legislature intended such a narrow reading of this exception.

The phrase "relates to licensee discipline" is used twice in section 272C.6(4)—first to describe the information that must be kept confidential ("all complaint files, investigation files, other investigation reports, and other investigative information in the possession of a licensing board . . . which *relates to licensee discipline* are privileged and confidential"), and second to describe the information that may be disclosed to other states' licensing authorities ("However, investigative information in the possession of a licensing board . . . which *relates to licensee discipline* may be disclosed to . . . the appropriate licensing authority in another state . . . in which the licensee is licensed or has applied for a license."). *Id.* In stating that "all complaint files and investigative data are confidential," we implicitly concluded that all complaint files and investigative information relate to licensee discipline regardless of whether that information leads to the filing of formal disciplinary charges. *Iowa State Bd. of Physical Therapy*, 320 N.W.2d at 559. This conclusion is logical given the legislature's use of the broad phrase "relates to." Relate, as defined in *Black's Law Dictionary*, means "[t]o stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Black's Law Dictionary* 1158 (5th ed. 1979); *see also State v. Owens*, 635 N.W.2d 478, 486 (Iowa 2001) (defining "relate" as "to have a relationship with or a connection"); *In re Estate of Bickford*, 549 N.W.2d 804, 806 (Iowa 1996) (stating that the Supreme Court broadly defines the term "relates to" in the context of ERISA preemption). Section 272C.6(4) was intended to ensure broad confidentiality of all complaint and investigative information pertaining to licensee discipline. By using the same language to describe the type of information that may be disclosed to other states' licensing authorities, the legislature indicated its intent to provide broad disclosure to

such authorities. We think the disclosure at issue in the present case clearly falls within this broad disclosure.

The board disclosed the existence of complaints pending investigation to the Massachusetts board. When a complaint is filed, the complainant is alleging that the licensee engaged in conduct that "threatens or denies citizens of this state a high standard of professional or occupational care." *See* Iowa Code § 272C.1(4) (definition of licensee discipline). The board then investigates those allegations and, if substantiated, files formal charges. Formal disciplinary proceedings begin, after which licensee discipline may be imposed. The complaint is the first step in the process of imposing licensee discipline. It sets forth the factual allegations that may, if substantiated, give rise to the imposition of sanctions. As such, it clearly "relates to licensee discipline."

This conclusion is consistent with our holding in *Physical Therapy* that information relating to licensee discipline may only be disclosed to the licensee after formal disciplinary proceedings have been initiated. The legislature limited the disclosure exception at issue in *Physical Therapy* in the timing of disclosure and to whom disclosure was allowed. By requiring that the licensee be "involved in licensee discipline" and that the information be disclosed only in proceedings "involving licensee discipline," the legislature was protecting the identity of the complainant and ensuring the free flow of information for complaint and investigative purposes. The legislature did not include similar limiting language in the exception at issue in the present case.

Additionally, the policy concerns at issue in *Physical Therapy* are not of concern in the present case. Disclosure of the identity of a complainant to the licensee who was the subject of the complaint would certainly have a "chilling effect" on the willingness of citizens to file complaints against

medical professionals. *Iowa State Bd. of Physical Therapy*, 320 N.W.2d at 560. Disclosure of the existence of complaints pending investigation to other states' licensing authorities does not have a similar "chilling effect." If anything, such disclosure encourages the filing of complaints because potential complainants are assured that the licensee cannot merely transfer jurisdictions to avoid the allegations in the complaint. In this way, Doe's interest in obtaining a Massachusetts medical license is not exalted over the public's interest in ensuring that only competent applicants are issued medical licenses. *See id.* ("[Disclosure of the complainant's identity] would thus exalt a private interest over the public interest.").

It is true, as Doe contends, that section 272C.6(4) was not meant solely to protect the complainant, but also to protect the licensee. Section 272C.6(4) ensures that the general public does not have access to complaint or investigative information unless, and until, a final written decision is published and is, therefore, a public record. However, this does not change our analysis. The existence of complaints pending investigation was not disclosed to the public. Rather, it was disclosed to another state's licensing authority, which, presumably, keeps this information confidential and uses it solely for purposes of determining whether to issue Doe a medical license. Additionally, this information was not affirmatively disclosed to the Massachusetts board—it was disclosed only after Doe applied for a medical license in Massachusetts and authorized the release of such information.[1] Doe's reputation among the general public or among his colleagues was not influenced by the board's disclosure because the information was not made available to anyone other than the Massachusetts board.

---

[1]Because we conclude the board did not violate section 272C.6(4), we do not address what bearing, if any, Doe's authorization for release of medical information has on the applicability of section 272C.6(4).

We acknowledge Doe's contention that many of the complaints filed against medical licensees are unsubstantiated and, thus, do not result in licensee discipline. However, that does not change the basic fact that the existence of such complaints, while they are pending investigation, relate to licensee discipline and, therefore, may be disclosed to another state's licensing authority if the licensee applies for a license to practice medicine in that state. We also acknowledge Doe's argument that some complaints, such as those at issue here, take years to investigate as a result of their complicated nature and the need to wade through voluminous medical records and information. It may be years before a licensee, such as Doe, could inform another state's licensing authority whether formal disciplinary proceedings arising out of those complaints will be initiated. Doe contends this substantially interferes with his ability to obtain a license to practice medicine in another jurisdiction. Though we emphasize that other states' licensing authorities are free to give whatever weight they deem appropriate to information disclosed by the board, we agree that the consideration of such information may lead to the denial of an application for a license to practice medicine, as was the case here. However, this provides further justification for our holding.

Chapter 272C was enacted, in part, to protect the public safety by ensuring competency in the medical profession. The board is given broad discretion and great responsibility to fulfill this goal. By allowing broad disclosure to other states' licensing authorities, the legislature recognized the reality that many medical professionals seek licensure in multiple jurisdictions. The legislature acknowledged Iowa's responsibility to share information that may aid other states' licensing authorities in deciding whether to issue a particular applicant a medical license and, thus, better protect its citizens from potentially incompetent medical professionals. This

responsibility is also recognized in section 272C.4(8), in which the legislature requires the board to "[g]ive written notice to another licensing board . . . if evidence received by the board either alleges or constitutes reasonable cause to believe the existence of an act or omission which is subject to discipline by that other board or agency." The affirmative sharing of information contemplated by the legislature in section 272C.4(8) is consistent with the confidentiality provisions of section 272C.6(4), and together, these sections create an important mechanism for protecting the public safety when a medical licensee is licensed, or applies for a license, in multiple jurisdictions.

We conclude that complaints pending investigation relate to licensee discipline, and therefore, the board's disclosure of such complaints to the Massachusetts board upon Doe's application for licensure in Massachusetts was proper pursuant to section 272C.6(4) and was not unreasonable, capricious, or arbitrary. Because we conclude the board did not violate section 272C.6(4), it is unnecessary to address the additional claims raised in this appeal, on interlocutory appeal, and on appeal in case No. 04-1349.

**AFFIRMED.**

All justices concur except Ternus, C.J., who takes no part.