# IN THE COURT OF APPEALS OF IOWA

No. 18-0353
Filed March 6, 2019

MARK B. IRLAND, M.D.,
     Plaintiff-Appellant,

vs.

IOWA BOARD OF MEDICINE,
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,
Judge.

     Mark Irland, M.D., appeals from the dismissal of his petition for judicial
review.  **AFFIRMED.**

     David L. Brown and Tyler R. Smith of Hansen, McClintock & Riley, Des
Moines, for appellant.

     Thomas J. Miller, Attorney General, and Jordan G. Esbrook, Assistant
Attorney General, for appellee.

     Heard by Vogel, C.J., Vaitheswaran, J., and Danilson, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).
Gamble, S.J., takes no part.

**DANILSON, Senior Judge.**

Mark Irland, M.D., appeals from the dismissal of his petition for judicial review, contending the district court erred in concluding it was without authority to review the Confidential Letter of Warning issued to him by the Iowa Board of Medicine. Finding no error, we affirm.

**I. Background Facts and Proceedings.**

Irland received a "Confidential Letter of Warning" from the Board indicating its "serious concerns" with respect to his treatment of a patient. After detailing its concerns regarding such treatment and noting the revocation of Irland's clinical privileges at a particular hospital, the Board's letter stated, in pertinent part:

> The Board advises that you carefully review your treatment of [the patient] and take appropriate steps to avoid similar concerns in the future. The Board also advises that you submit a paper to the Board describing what you have learned from this matter. Please submit the paper to [the Board's legal director, at a specified address] within sixty (60) days . . . .
> The Board also noted that you are not practicing medicine at this time. Therefore, the Board has chosen not to initiate further action in this matter at this time. However, the Board advises that you provide it written notice at least sixty (60) days prior to returning to the practice of medicine. If you choose to return to the practice of medicine, the Board will take appropriate action, including but not limited to, issuing an order requiring you to complete a comprehensive clinical competency evaluation, to ensure that you are able to practice medicine with reasonable skill and safety. . . .
> Pursuant to Iowa Code chapter 272C, this CONFIDENTIAL LETTER OF WARNING does not constitute a formal disciplinary action, nor is it a public record. It is a private communication between you and the Board . . . .
> This CONFIDENTIAL LETTER OF WARNING concludes the Board's investigation of this case. The Board reserves the right to review and reconsider this matter should it be deemed appropriate.

Irland filed a petition for judicial review of the Board's letter of warning. The Board filed a motion to dismiss pursuant to Iowa Code section 272C.3(1)(d) (2017),

which provides: "Notwithstanding the provisions of [Iowa Code chapter] 17A, a determination by a licensing board . . . that an investigation should be closed without initiating a disciplinary proceeding is not subject to judicial review pursuant to section 17A.19(4)."

The district court concluded:

> Pursuant to Iowa Code section 272C.3(1)(d), the Confidential Letter of Warning issued by the Board to Dr. Irland is not subject to judicial review. The advisory and warning language contained in the Confidential Letter of Warning are not disciplinary sanctions and do not transform the Confidential Letter of Warning into a final agency action that is subject to judicial review under Iowa Code section 17A.19.
> Further, the Confidential Letter of Warning is not a preliminary, procedural, or intermediate agency action that is immediately reviewable under Iowa Code section 17A.19(1). If Dr. Irland resumes his medical practice and if, as the Board warns in the letter, the Board issues an order requiring him to complete a comprehensive clinical evaluation, to ensure he is able to practice medicine with reasonable skill and safety, Dr. Irland may exhaust administrative remedies within the Board at that time. If a disciplinary proceeding is initiated by the Board against Dr. Irland, judicial review of a final agency action would provide an adequate remedy. *See* Iowa Code [§] 17A.19(1). However, since none of that has happened at this stage of the proceeding, judicial review is premature.
> All we have at this stage of the process is a Confidential Letter of Warning which by statute is not subject to judicial review. The court lacks authority to hear this particular case at this particular time. *See Alliant Energy-Interstate Power and Light Co. v. Duckett*, 732 N.W.2d 869, 874-75 (Iowa 2007).

Irland appeals.

## II. Scope and Standard of Review.

We review the district court's ruling on a motion to dismiss for the correction of errors at law. *Strickland v. Iowa Bd. of Med.*, 764 N.W.2d 559, 561 (Iowa Ct. App. 2009). We apply the standards found in Iowa Code chapter 17A to determine

whether our conclusions are the same as those made by the district court.  *Doe v. Iowa Bd. of Med. Exam'rs*, 733 N.W.2d 705, 707 (Iowa 2007).

**III. Discussion.**

Pursuant to Iowa Code section 272C.3, the Iowa Board of Medicine is authorized to investigate complaints against licensees and issue licensee discipline.  Under the board's rules governing its investigations, the board is to open a complaint file upon receipt of "appropriate information."  Iowa Admin. Code r. 653-24.2(1).  If the board determines it has jurisdiction of the complaint file, the complaint is sent to a complaint review committee.  *Id.* r. 653-24.2(1)(a).  The complaint review committee reviews the complaint and is authorized to take one of the following actions: (1) close the complaint file for specified reasons, (2) recommend the board's screening committee close the file without investigation; (3) "[r]equest an investigation by seeking a letter of explanation from the physician, medical records, or both"; or (4) request a "full investigation."  *Id.* r. 653-24.2(2)(b). Guidelines for the complaint review committee are set out in rule 653-24.2(2)(c).

The board's screening committee reviews the recommendation of the complaint review committee and takes one of four actions: (1) recommend the board close the complaint file without investigation; (2) request an investigation; (3) upon review of the materials received from its requests from the physician or medical records, recommend the investigative file be closed, "with or without issuing an informal letter"; or (4) request a full investigation for board review.  *Id.* r. 653-24.2(3).

Investigations are governed by rule 653-24.2(5).

After an investigation, the board reviews the investigation record, discusses the case, and takes one of several actions:

> (1) Close the investigative file without action. The board shall notify the complainant and the licensee of the decision by letter. The board may reconsider and reopen a closed complaint or investigative file at a later date should it be deemed appropriate.
> (2) Request further investigation, including peer review.
> (3) Meet with the licensee. The board or the licensee may request that the licensee appear before the board to discuss a pending investigation. The board has discretion on whether to grant a licensee's request for an appearance. . . .
> (4) Issue an informal letter of warning or education. If the board concludes that there is not probable cause to file disciplinary charges, the board may issue the licensee an informal letter of warning or education. A letter of warning or education is an informal communication between the board and the licensee and is not formal disciplinary action or a public document.
> (5) File a statement of charges. If the board determines that there is probable cause for taking formal disciplinary action against a licensee, the board shall file a statement of charges, thereby commencing a contested case proceeding.

*Id.* r. 653-24.2(5)(e).

Here, the Board contends it issued a letter of warning as provided in rule 653-24.2(5)(e)(4). Irland acknowledges a letter was issued but contends it actually imposed sanctions.

Judicial review under chapter 17A is the "exclusive means" by which an aggrieved party may seek review of an agency action *"[e]xcept as expressly provided otherwise by another statute referring to this chapter by name."* Iowa Code § 17A.19 (emphasis added).

Section 272C.3(1)(d) refers to chapter 17A by name and expressly provides that "a determination by a licensing board that an investigation is not warranted or that an investigation should be closed without initiating a disciplinary proceeding is not subject to judicial review pursuant to section 17A.19." Thus, section

272C.3(1)(d) unambiguously prohibits judicial review of the Board's determination "that an investigation should be closed without initiating a disciplinary proceeding." The Board's letter states: "[T]he Board has chosen not to initiate further action in this matter at this time."

There is no dispute the Board may issue "an informal letter of warning" when there has been no disciplinary action taken and, if no such action is taken, the physician may not seek judicial review. *See id.* But Irland argues the letter issued here *did* impose disciplinary action. He asserts the letter imposed "restriction[s] on his license" by requiring him to submit a "paper" explaining his lessons learned and putting conditions on any potential return to practice, without a finding of probable cause. Irland argues that the Board's letter "serves as a letter of disciplinary sanctions without an accompanying statement of charges" and without affording him the opportunity to contest any charges.

Irland is not currently practicing medicine in Iowa, and the letter states, "[t]herefore the Board has chosen not to initiate further action in this matter at this time." The letter also addresses or imposes three actions. First, the Board "advise[d] that [Irland] submit a paper to the Board describing what [he] ha[s] learned from this matter." The letter says "please submit the paper . . . within sixty (60) days of the date of this letter."

Secondly, the letter "advises" Irland to provide the Board "written notice at least sixty (60) days prior to returning to the practice of medicine."

Third, the letter states that if Irland returns to the practice of medicine, the Board "will take appropriate action." However, the letter did not stop with this warning but proceeded to say the action that would be taken included, but was not

limited to, "issuing an order requiring you to complete a comprehensive clinical competency evaluation."

Nothing the Board "advised" has resulted in Board action. *See* Iowa Admin. Code r. 653-24.2(5)(e)(5) ("If the board determines that there is probable cause for taking formal disciplinary action against a licencee, the board shall file a statement of charges, thereby commencing a contested case proceeding."); *see also* Iowa Code §§ 17A.12 (contested case).

Iowa Code section 272C.1(4) defines "licensee discipline" as "any sanction a licensing board may impose upon its licensees for conduct which threatens or denies citizens of this state a high standard of professional or occupational care." Further, the board is required to report sanctions and discipline to the national databank. See Iowa Admin. Code r. 653-25.32 ("The board shall report final decisions to the appropriate organizations, including but not limited to the National Practitioner Data Bank . . . .").

We acknowledge the letter of warning is colored with advisories that have the appearance of sanctions. The identification of specific dates when the Board expects actions to be completed, as well as identifying a specific sanction—a comprehensive clinical competency evaluation that will occur if Irland returns to the practice of medicine, have the markings of sanctions. However, the paper and the sixty-day notice before practicing medicine are not mandatory, rather the action is simply advised. Further, there is no identifiable repercussion if Irland does not comply with the actions that are "advised."

With respect to the evaluation, we observe the Board is authorized to order a "clinical competency evaluation" "upon a showing of probable cause that the

licensee is professionally incompetent." *Id.* r. 653-24.4. If an evaluation is ordered, the licensee is entitled to object and is entitled to a contested hearing. *Id.* r. 653-24.4(3). At oral argument, the Board acknowledged the letter sent to Irland was "a hybrid" because it did not inform him of what the Board *may* do in the future but what it *will* do, essentially freezing Irland in his current status of not practicing medicine in the State of Iowa. ("[T]he Board *will* take appropriate action, *including . . . .*") But, by issuance of this hybrid letter of warning, the Board has effectively concluded there was no probable cause to file disciplinary charges. *Id.* r. 653-24.2(5)(e). In light of these rules, we conclude the letter's reference to the competency evaluation is a threat without teeth because the Board may not enter such an order without reconsideration of its prior decision, making a probable-cause determination, and affording due process to Irland, including a contested-case hearing. Thus, we do not view the unconventional letter as a sanction or a form of disciplinary action.

Here, because no action or sanctions have actually been imposed upon Irland, he has not been adversely affected by any final agency action. Thus, Irland has suffered no "specific and injurious effect" on his legal interest such that he would be considered an "aggrieved party" for purposes of chapter 17A. *See Chrischilles v. Arnolds Park Zoning Bd. of Adjustment*, 505 N.W.2d 491, 493-94 (Iowa 1993) (requiring a person to provide evidence of "(1) a specific personal and legal interest in the subject matter of the agency decision and (2) a specific and injurious effect on this interest by the decision"). Consequently, the Board's determination that the investigation "be closed without initiating a disciplinary

proceeding is not subject to judicial review" and no relief may be granted to Irland in these proceedings. Iowa Code § 272C.3(1)(d).

## IV. Conclusion.

Because nothing the Board "advised" has resulted in Board action, Irland has not been adversely affected by a final agency action. The district court did not err in concluding it was without authority to review the Confidential Letter of Warning. We affirm.

**AFFIRMED.**