# IN THE COURT OF APPEALS OF IOWA

————————————

No. 24-2056
Filed January 28, 2026

————————————

**Hamza Alsayouf, M.D.,**
Petitioner–Appellant,

v.

**Iowa Board of Medicine,**
Respondent–Appellee.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable Lawrence P. McLellan, Judge.

————————————

**AFFIRMED**

————————————

Michael M. Sellers and Trent Nelson of Sellers Galenbeck & Nelson, Clive,
attorneys for appellant.

Brenna Bird, Attorney General, Patrick C. Valencia, Deputy Solicitor
General, and Chad D. Brakhahn, Assistant Attorney General, attorneys for
appellee.

————————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Dr. Hamza Alsayouf appeals the denial of his petition for judicial review of other agency action, *see* Iowa Code section 17A.19(3) (2024), seeking to compel the Iowa Board of Medicine to provide him an investigatory file before any disciplinary proceedings take place.

Alsayouf is a physician who practices overseas but maintains an Iowa medical license as a condition of a certification. The Board requested information from Alsayouf following its receipt of a complaint he had been convicted of criminal offenses in a foreign jurisdiction. Alsayouf claimed ignorance of any convictions and requested the Board's investigative file. The Board declined and suggested Alsayouf narrow his request for information. He instead petitioned for judicial review.

The district court denied Alsayouf's petition, finding *Doe v. Iowa State Board of Physical Therapy & Occupational Therapy Examiners*, 320 N.W.2d 557 (Iowa 1982), controlled. *Doe* holds that, under section 272C.6(4)(a), a licensing board is only required to provide an investigatory file once it commences disciplinary proceedings. *See* 320 N.W.2d at 561.

Alsayouf appeals, and we review for correction of errors at law. *Irland v. Iowa Bd. of Med.*, 939 N.W.2d 85, 89 (Iowa 2020). Alsayouf requested the supreme court retain this case to "reconsider" *Doe*, observing in his reply brief the "futility" of his argument before the court of appeals.

The supreme court transferred the case to us, and we agree with the district court that *Doe* controls. We are not at liberty to "reconsider" supreme court precedent, so we affirm without further opinion. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014); Iowa Ct. R. 21.26(1)(c).

**AFFIRMED.**