PRUESS ELEVATOR, INC., Appellant,

v.

IOWA DEPARTMENT OF NATURAL RESOURCES and Larry J. Wilson, Director, Appellees.

No. 90–1379.

Supreme Court of Iowa.

Nov. 20, 1991.

William B. Norton of Norton & Norton, P.C., Lowden, for appellant.

Bonnie J. Campbell, Atty. Gen., and Eliza Ovrom and David R. Sheridan, Asst. Attys. Gen., for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

HARRIS, Justice.

This suit challenges agency action by which the department of natural resources ordered destruction of contaminated corn. The district court dismissed the suit on finding administrative remedies had not been exhausted. We affirm.

Pruess Elevator, Inc. purchased approximately 12,755 bushels of corn from the farmers home administration. The corn, delivered to Iowa from Oklahoma, was contaminated with aflatoxin. We are told that aflatoxin is a toxic, carcinogenic substance produced by mold and poses a threat to livestock, fish, and birds as well as humans.

The presence of the corn precipitated action by two Iowa agencies. A stop order was issued by the attorney general's office on behalf of the Iowa department of agriculture. The order stated that the corn had to be destroyed in a hazardous waste incinerator, unless, within a two-week period, Pruess Elevator submitted an alternative plan for its disposition. Pruess Elevator submitted an alternative proposal which involved treating the corn with ammonia.

Iowa Code section 455B.388 (1989) authorizes the director of the department of natural resources to determine that an emergency exists which affects, or might affect, the public health. If such a determination is made the director may act on the threat. Administrative procedures within the department to deal with such a threat are conducted as a contested case in accordance with 561 Iowa Administrative Code chapter 7. Acting in accordance with that procedure on April 4, 1990, the Iowa department of natural resources (hereinafter DNR) issued an emergency ruling directing Pruess Elevator to abate the danger posed by the corn. The ruling ordered Pruess Elevator to: (1) restrict access to the corn; (2) eliminate any release of the aflatoxin from the corn; and (3) provide DNR, within seven days, a plan for disposing of the corn with a completion date of no later than April 20, 1990. The ruling also pointed out that Pruess Elevator could request a stay of the order and, if a stay were requested, a hearing would be held within five days of the request.

On April 16, 1990, DNR notified Pruess Elevator that it rejected the method for disposing of the corn, which had been submitted to the department of agriculture. Pruess Elevator submitted two more proposals for disposing of the corn. These were also rejected by DNR. Pruess Elevator then requested a stay of the order and requested a hearing on the matter within five days, as allowed by 561 Iowa Administrative Code section 7.17(1)(a).

The administrative law judge sent a notice of hearing which pointed out that the Iowa administrative code provides special procedures for emergency orders issued by DNR. 561 Iowa Admin.Code 7.17. Pruess Elevator points especially to an administrative rule. It states:

> When agreed to by the parties, the appeal of an emergency order may be decided based upon the evidence presented at the hearing for stay. Otherwise a hearing on the merits shall proceed in accordance with 7.7 (17A.455A) to 7.15 (17A.455A) of those rules.

561 Iowa Admin.Code 7.17(2) (emphasis added). DNR refused to agree. Accordingly the merits of the emergency order could not be decided upon the evidence presented at the scheduled stay hearing.

Pruess Elevator totally abandoned the administrative process at this point, both as to the stay and the merits, by filing a petition for judicial review in district court. The original petition for judicial review sought to have the court enter a stay and modify the administrative dispositional order.

The stay was ordered by the district court at first but was later lifted pursuant to DNR's application. DNR then removed and disposed of the corn. Pruess Elevator then amended its petition and asked the court to rule that Pruess Elevator not be held liable for any of the removal costs. At the time Pruess Elevator filed the amended petition for judicial review DNR had not yet made a claim for removal costs.

■ I. DNR and Pruess Elevator stipulated that the district court had jurisdiction of the stay order and the merits of the case. DNR nevertheless later moved to dismiss for lack of jurisdiction. The fact that DNR stipulated to the jurisdiction of the district court is of no aid to Pruess Elevator. Jurisdiction cannot be conferred by waiver or consent. *City of Des Moines v. Des Moines Police Bargaining Unit Ass'n*, 360 N.W.2d 729, 730 (Iowa 1985).

■ II. We maintain a "hands-off" policy with regard to agencies' quasi-judicial functions until adequate administrative remedies have been exhausted. *Iowa Indus. Comm'r v. Davis*, 286 N.W.2d 658, 661–62 (Iowa 1979) (citing *City of Council Bluffs v. Pottawattamie County*, 254 N.W.2d 18, 20 (Iowa 1977)). The exhaustion rule applies when: (1) an administrative remedy exists for the claimed wrong; and (2) the involved statute expressly or impliedly requires the remedy to be exhausted before resorting to the courts. *Id.*

■ It is thus difficult to understand why Pruess Elevator felt entitled to file a petition for judicial review immediately after DNR refused to submit the merits of the case at the administrative stay hearing. When the parties do not agree to have the merits of the case decided on the evidence submitted at the stay hearing, "a hearing on the merits shall proceed in accordance with 7.7 (17A.455A) to 7.15 (17A.455A)...." Iowa Admin.Code § 7.17(2). So Pruess Elevator clearly had administrative remedies available when DNR did not agree to a hearing on the merits.

■ III. The exhaustion requirement is an even more formidable barrier to Pruess Elevator's challenge to the dispositional costs. Remedies exist for resolving liability for costs of removing hazardous substances. The matter is governed by Iowa Code section 455B.392(1)(b). It provides: "Claims by the state under this subsection may be appealed to the commission by the person filing a written notice of appeal within thirty days after receipt of the bill." This remedy should have been exhausted before Pruess Elevator resorted to the courts. *Davis*, 286 N.W.2d at 661–62.

We are not persuaded by Pruess Elevator's argument that Iowa Code sections 455B.389 (judicial review of hazardous condition orders) and 455B.421 (judicial review of hazardous waste orders) excuse the requirement to exhaust administrative remedies. Both of these sections, stating that judicial review of agency action may be sought in accordance with chapter 17A, are matters of venue. They merely add additional counties in which petitions for judicial review may be filed. They do not obviate the need to exhaust adequate administrative remedies before resorting to the courts.

The district court was correct in dismissing the petition for judicial review.

AFFIRMED.