Anthony J. LEO, Petitioner–Appellant,

v.

The BOARD OF MEDICAL EXAMIN-
ERS OF the STATE OF IOWA,
Respondent–Appellee.

No. 97–1964.

Court of Appeals of Iowa.

Sept. 30, 1998.

David J. Dutton and Carolyn A. Rafferty
of Dutton, Braun, Staack & Hellman, P.L.C.,
Waterloo, for appellant.

Thomas J. Miller, Attorney General, and
Theresa OConnell Weeg, Assistant Attorney
General, for appellee.

Considered by SACKETT, P.J., and
HUITINK, STREIT and MAHAN, JJ.,
takes no part.

SACKETT, Presiding Judge.

Petitioner-appellant Anthony J. Leo appeals the district court's dismissal of his petition for judicial review of respondent-appellee The Board of Medical Examiners of the State of Iowa finding he was guilty of certain rule violations. We affirm.

Leo is a general surgeon practicing in Oelwein, Iowa. On May 2, 1995, the Board of Medical Examiners received an anonymous telephone call alleging Leo had delinquent charts at People's Hospital. The Board had issued a warning letter in January 1992 alleging Leo had failed to timely complete medical records. Following an investigation, the Board filed a disciplinary charge against Leo contending he was guilty of a repeated departure from the minimal standard of acceptable practice of medicine, in violation of Iowa Code section 148.6(2)(g) (1995) and 653 Iowa Administrative Code sections 12.4(2)(d) and 12.4(13).

On January 8, 1997, a hearing was held before a three-member panel of the Board. On February 17, 1997, the panel issued a proposed decision recommending Leo be issued a citation and warning for his repeated failure to timely complete medical records. The panel rejected Leo's argument there was no minimal standard for the timely completion of medical records and keeping records does not relate to patient care. Leo was advised he could appeal the panel's decision to the full Board pursuant to 653 Iowa Administrative Code section 12.50(29). Leo did not appeal the panel's decision. On March 26, 1997, the Board issued a final order adopting the panel's decision as its final decision.

Following the Board's order, the Board submitted an adverse action report to the National Practitioner Data Bank stating Leo had been disciplined for maintaining poor medical records.

Leo filed a petition for judicial review on April 25, 1997, alleging the Board's actions were in violation of his right to due process. The Board filed a motion to dismiss the action, claiming Leo had failed to exhaust his administrative remedies by not appealing the panel's decision to the entire Board. Leo resisted the motion, contending the Board interfered with his exhausting his administrative remedies and pursuing such an appeal would have been futile under the unique circumstances of the case. Leo asked he be allowed to conduct discovery to establish his case was widely discussed by the full Board and an adverse decision was made before any evidence was heard.

Leo also contended several Board members were heard discussing his case prior to the panel's decision. He contended the members' remarks were adverse to his interests. The district court granted the Board's motion and dismissed Leo's petition for judicial review ruling Leo failed to exhaust his administrative remedies.

 Leo did not exhaust his administrative remedies. The focal issue is whether this defeats his claim. Our review is to correct errors of law. The question on appeal is whether the district court correctly applied the law. *Medco Behavioral Care Corp. of Iowa v. State Dep't of Human Servs.*, 553 N.W.2d 556, 561 (Iowa 1996).

 Iowa Code section 17A.19(1) (1997) states, in part:

A person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review thereof under this chapter.

Iowa Code § 17A.19(1). Before a person may obtain judicial review of administrative action, that action must first have been officially sanctioned and thereafter reviewed within the agency to the fullest extent provided by law. *See North River Ins. Co. v. Iowa Div. of Ins.*, 501 N.W.2d 542, 545 (Iowa 1993). The exhaustion rule may only be imposed when: (1) an administrative remedy exists for the claimed wrong; and (2) the involved statute expressly or impliedly requires the remedy to be exhausted before resorting to the courts. *Id.*; *Pruess Elevator, Inc. v. Iowa Dep't of Natural Resources*, 477 N.W.2d 675, 677 (Iowa 1991).

There is substantial support for dismissal of a petition for judicial review if administrative remedies have not been exhausted. *See Riley v. Boxa*, 542 N.W.2d 519, 521–24 (Iowa

1996); *Continental Tel. Co. v. Colton,* 348 N.W.2d 623, 626 (Iowa 1984).

■ Leo contends he was not required to exhaust his administrative remedies because the Board failed to give him adequate notice of its proposed sanctions. He contends the notice given was not sufficiently clear so he could anticipate the possible effects of the order. Leo further contends he was not required to exhaust his administrative remedies because he did not discover the implication of the Board's decision until the time for doing so had lapsed.

The notice to Leo stated:

[P]ursuant to the authority granted to the Iowa State Board of Medical Examiners under sections 17A.11 through 17A.18, 147.55, 148.6, 148.7, 272C.5 and 272C.6 of the 1995 Code of Iowa and Rules 653–12.50(1) through 653–12.50(35) of the Iowa Administrative Code, you are hereby notified that a Complaint and Statement of Charges filed against you by the Iowa State Board of Medical Examiners is now on file in the office of the Iowa State Board of Medical Examiners, 1209 East Court Avenue, Des Moines, Iowa 50319–0180. The said Complaint and Statement of Charges prays that your license to practice as a physician be revoked, suspended or otherwise disciplined for all of the reasons set out in the said Complaint and Statement of Charges.

The Board issued the following citation and warning:

## CITATION

1. The Respondent has been issued license number 23996 to practice medicine and surgery in the State of Iowa.

2. The Iowa Board of Medical Examiners has jurisdiction in this matter pursuant to Iowa Code chapters 17A, 147, 148, and 272C.

3. The Iowa Board of Medical Examiners, following a disciplinary hearing, found the Respondent had violated Iowa Code section 148.6(2)(g) (1995) and 653 IAC 12.4(13), when he repeatedly failed to complete numerous patient medical records in a timely manner.

## WARNING

1. The Iowa Board of Medical Examiners warns the Respondent that he is responsible for complying with the statutes and regulations governing the practice of medicine and surgery in the State of Iowa.

2. Further violations of statutes or regulations by the Respondent will result in more severe disciplinary sanctions.

3. This Citation and Warning shall become a part of Respondent's permanent record with the Iowa Board of Medical Examiners and is a public record.

Leo contends while the notice referred to statutes setting forth proposed discipline the Board could impose, including revocation or suspension, its order only proposed a citation and warning to complete medical records in a timely fashion. Leo contends only after the time to appeal the Board's order expired did he learn the Board filed an adverse action report with the National Practitioners Data Bank making the information available to, among others, his insurance company and third-party payors, thus subjecting him to scrutiny and limitations as a doctor. Leo also advances, because the Board's order did not impose the Data Bank and license notation, even if he had appealed, these sanctions would not have been subject to review.

The Board's citation and warning did not advise Leo it would report the infraction. The Board advances these reports were collateral consequences of its action and it was not required to notify Leo of the collateral consequences of the disciplinary action. The Board analogizes this to a plea of guilty and correctly advances a defendant's plea is not invalid because a defendant is not informed of all the possible indirect and collateral consequences of a plea. *See Kinnersley v. State,* 494 N.W.2d 698, 700 (Iowa 1993); *Saadiq v. State,* 387 N.W.2d 315, 325 (Iowa 1986).

The warning included the words, "This Citation and Warning shall become a part of Respondent's permanent record with the Iowa Board of Medical Examiners *and is a public record.*" (Emphasis added.) This language was sufficient to advise Leo he had

no expectation of privacy in the citation and the Board held it as a public record. Leo was sufficiently advised of the consequence of the citation and warning of which he now complains. We find no basis for his argument on this issue.

Leo next contends the Board interfered with his interest in exhausting his administrative remedies. He contends the alleged failure of the Board to convey the consequences of its decision and the Board's hostility, particularly the alleged statements by the Board staff that he is an arrogant little son-of-a-bitch who needs to be taught a lesson and he is a bad doctor because he spends more time in the courtroom than in the hospital, interfered with his right to appeal. He argues this is the case because under Iowa Code chapter 653 a stiffer penalty could have been imposed.

The Iowa Supreme Court has held a litigant may not be required to exhaust administrative remedies if the agency interferes with his or her attempts to do so. *See Bugely v. State,* 464 N.W.2d 878, 880 (Iowa 1991).

We have found the warning adequately advised Leo of what could happen as a result of the Board's action, so we dismiss his contention this was interference with his right to appeal. While we find the alleged statements, if made, to be entirely inappropriate, we do not find them of sufficient magnitude to support a finding they precluded Leo from seeking further administrative remedies. The alleged statements do not rise to the level of the alleged interference in *Bugely,* 464 N.W.2d at 880, where it was claimed prison officials would not release the first prisoner from lock-up if he did not dismiss his appeal and denied the second prisoner envelopes to mail appeals to the director. Leo has not shown sufficient interference to succeed on this ground.

We have considered the other claims made and find no basis to reverse the district court.

**AFFIRMED.**