Eric PAULSON, Appellant,

v.

BOARD OF MEDICAL EXAMINERS OF
the STATE OF IOWA, Appellee.

No. 96–2092.

Supreme Court of Iowa.

April 28, 1999.

Michael M. Sellers, West Des Moines, for
appellant.

Thomas J. Miller, Attorney General, and
Theresa O'Connell Weeg, Assistant Attorney
General, for appellee.

Considered by LARSON, P.J., and
LAVORATO, SNELL, TERNUS, and
CADY, JJ.

SNELL, Justice.

The petitioner, Eric L. Paulson, a licensed physician, on this appeal questions the authority of the Board of Medical Examiners of the State of Iowa to enforce an informal settlement agreement by which Paulson's medical license was placed on probation. Paulson claims that the board lacked subject matter jurisdiction to take this action and enforce the probationary conditions. The district court sustained the board's motion to dismiss the case. We affirm.

## I. Factual and Procedural Background

The petitioner, Eric Paulson, became the subject of an investigation by the respondent, the Board of Medical Examiners of the State of Iowa (board), after it received reports raising concerns about Paulson's medical condition. The board required Paulson to undergo a comprehensive physical examination and a chemical dependency evaluation. From the evaluation it was adduced that Paulson suffered from alcohol abuse which required treatment. While undergoing such treatment, he agreed to a board-approved combined statement of charges and informal settlement. Although the settlement did not indicate any patient health care concerns were involved, the board asserted its jurisdiction and Paulson admitted to allegations of chemical dependency to alcohol. The informal settlement placed Paulson's license on probation for five years with various conditions including continued treatment. The settlement indicated that the board's approval of the settlement would constitute a final order of the board regarding a disciplinary action. The statement was approved by the board on January 11, 1996, and apparently signed by Paulson on January 18, 1996.

On June 26, 1996, Paulson filed an application asking the board to reconsider the informal settlement on the basis the board did not have subject matter jurisdiction to take any disciplinary action against him. He claimed that the board improperly forced him to submit to a substance abuse evaluation without a hearing and a fact determination on whether there was probable cause to require an evaluation. He further claimed that he committed no statutory or administrative violation which should subject him to discipline by the board. On June 27, 1996, the board denied the application. A written order incorporating this denial was subsequently prepared.

On July 26, 1996, Paulson filed a petition for judicial review regarding the final order and the board's refusal to reconsider the order. Paulson requested that the district court either require the board to hold a hearing on his reconsideration application or declare the informal settlement void. The board filed a motion to dismiss asserting that the petition sought to review a final order imposing discipline and was not filed within a thirty-day period after issuance of the order as required by Iowa Code section 17A.19(3) (1995).

On September 19, 1996, the district court filed an order sustaining the board's motion to dismiss. Paulson filed a motion pursuant to Iowa Rule of Civil Procedure 179(b). The district court entered an order denying the motion.

Paulson filed a notice of appeal.

## II. Scope of Review

■ Our scope of review in this matter is for correction of errors at law. *Medco Behavioral Care Corp. v. State Dep't of Human Servs.*, 553 N.W.2d 556, 561 (Iowa 1996).

## III. Analysis of Issues

■ The district court based its decision on Iowa Code section 17A.19(3) that provides: "If a party does not file an application under section 17A.16 subsection 2, for rehearing, the petition [for judicial review] must be filed within thirty days after the issuance of the agency's final decision in that contested case." Paulson filed his request for reconsideration with the board five months after the final order was issued and filed his petition for judicial review six months after the final order was issued. These petitions were clearly late under this Code section.

Paulson seeks to avoid the fatal application of section 17A.19(3), arguing that his is not a contested case. He reasons it is not because he was not given statutory notice of a con-

tested case proceeding. He points to section 17A.12(1) which states:

> In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice in writing delivered either by personal service as in civil actions or by certified mail return receipt requested. However, an agency may provide by rule for the delivery of such notice by other means. Delivery of the notice referred to in this subsection shall constitute commencement of the contested case proceeding.

Paulson argues that no contested case proceeding was ever commenced because the decision of the board to issue a complaint and statement of charges was made at the same time that the informal settlement itself was adopted by the board. So, if this is not a contested case proceeding, Paulson claims he is not barred by the thirty-day time limit for filing a petition for judicial review, but rather his case falls under another portion of section 17A.19(3) that states:

> In cases involving a petition for judicial review of agency action other than the decision in a contested case, the petition may be filed at any time petitioner is aggrieved or adversely affected by that action.

Iowa Code § 17A.19(3).

We distinguished contested cases from other action in *Polk County v. Iowa State Appeal Board*, 330 N.W.2d 267, 276–77 (Iowa 1983). We said:

> Petitioners contend that the hearing required by chapter 24 is a contested case, Iowa Code § 17A.2(2), while the respondents claim that it is legislative in nature. The importance of the distinction lies in the procedural due process which attaches to contested cases. *See* Iowa Code §§ 17A.10–.17, .19.
>
> . . . .
>
> The IAPA divides administrative action into three categories: "rulemaking," Iowa Code § 17A.2(8); adjudication (referred to as a "contested case"), Iowa Code § 17A.2(2); and other "agency action," Iowa Code § 17A.2(9). The latter is ungoverned by the IAPA with the exception that it is subject to judicial review provi-

sions. Iowa Code § 17A.19. *E.g., Security Savings Bank v. Huston*, 293 N.W.2d 249, 251 (Iowa 1980) (review of denial by banking superintendent of application to open bank office). The category "agency action" has received little critical attention in comparison to rulemaking and adjudication.

> . . . .
>
> "Agency action" is, for all practical purposes, the gap-filler—if administrative action does not fall within the definitions of "rulemaking" or "contested case," then it must be "agency action."
>
> . . . .
>
> The action of any agency falls within the general adjudication category when it determines the rights, duties and obligations of specific individuals as created by past transactions or occurrences. *Board of Supervisors of Linn County [v. Department of Revenue]*, 263 N.W.2d [227] at 239 [(Iowa 1978)]. Furthermore, it is a contested case if the constitution or a statute requires an *evidentiary* hearing. Iowa Code § 17A.2(2). If the hearing required is not an evidentiary hearing, the adjudication is merely an informal adjudication and falls under the rubric of "agency action." *See* Bonfield, *Formal Agency Adjudication*, 63 Iowa L.Rev. at 288.

Iowa Code section 17A.2(5) defines "contested case" as:

> [A] proceeding including but not restricted to ratemaking, price fixing, and licensing in which the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing.

*See also Office of Consumer Advocate v. Iowa State Commerce Comm'n*, 465 N.W.2d 280, 284 (Iowa 1991); *Polk County*, 330 N.W.2d at 277.

Informal settlements are encouraged by our statutory law. Section 17A.10(1) states:

> Unless precluded by statute, informal settlements of controversies that may culminate in contested case proceedings accord-

ing to the provisions of this chapter are encouraged.

The procedure adopted by the board and Paulson authorized by this statute also falls under Iowa Administrative Code chapter 653, rule 12.50(7) entitled "Informal Settlement." It states:

> The Executive Director or the respondent may request that an informal conference be held to determine whether licensee discipline can be resolved in a just manner and in furtherance of the public interest. Neither the executive director nor respondent is required to use this informal procedure. If the executive director and respondent agree to negotiate a settlement, the various points of a proposed settlement, including a stipulated statement of facts, shall be set forth in writing. Negotiations for a proposed settlement shall be completed at least seven days *prior to the hearing date set by the order for hearing.* Except, the executive director shall have power to grant additional time after consultation with the board chairperson (or a member designated by the chairperson) for continued negotiations in instances where additional time will clearly lead to a satisfactory settlement *prior to the hearing date.*

(Emphasis added.)

Paulson again argues for a strict following of the rule's wording pointing out that negotiations for a settlement were not completed seven days before a set hearing date. Of course, no hearing date was set because a signed settlement agreement was executed and Paulson does not allege that he was prejudiced by the deficiency.

■ On the issue of due process we have said:

> We have observed that with respect to agency adjudications, due process requires that a party "be informed somehow of the issue involved in order to prevent surprise at the hearing and allow an opportunity to prepare.... The test is fundamental fairness, not whether the notice meets technical rules of common law pleading."

*Oscar Mayer Foods Corp. v. Tasler,* 483 N.W.2d 824, 828 (Iowa 1992); *see also Fisch-er v. Iowa State Commerce Comm'n,* 368 N.W.2d 88, 94 (Iowa 1985) (a slight deviation from the notice requirements of section 17A.12 does not deprive an agency of adjudication to take action against a party who appeared before the agency; the issue is whether a party who alleges deficiency in notice is prejudiced by the deficiency). Although formal notice was not given, Paulson was totally aware of the pending charges against him and had an opportunity to be heard.

Our review convinces us that this was a contested case proceeding that resulted in a settlement agreement. The deficiencies in the process alleged by Paulson did not vitiate the subject matter jurisdiction under which the board proceeded. The order that ensued from the board was a final decision in a contested case. As such, Paulson was subject to the time limitations for appeals of Iowa Code section 17A.19(3). *Sharp v. Iowa Dep't of Job Serv.,* 492 N.W.2d 668, 670 (Iowa 1992).

■ Paulson also claims the board lacked jurisdiction because the board had no probable cause to believe that he was unable to practice medicine with reasonable skill and safety. We note that the settlement agreement stated the charges and disposition and was voluntarily entered into by Paulson. It recited that the licensee Paulson suffered solely from alcohol abuse and was in need of treatment. Paulson points out that there is no finding that he is an alcoholic.

The Board of Medical Examiners' jurisdiction is set by Iowa Code section 147.55. Subsections 3 and 4 state:

> **147.55 Grounds.**
>
> A license to practice a profession shall be revoked or suspended when the licensee is guilty of any of the following acts or offenses:
>
> . . . .
>
> 3. Knowingly making misleading, deceptive, untrue or fraudulent representations in the practice of a profession or engaging in unethical conduct or practice harmful or detrimental to the public. Proof of actual injury need not be established.

4. Habitual intoxication or addiction to the use of drugs.

 The board apparently proceeded under the language "habitual intoxication" and "conduct or practice harmful or detrimental to the public." We note the statute provides that proof of actual injury need not be established. We have also required a lesser showing to establish "habitual intoxication" than is indicated by the Black's Law Dictionary definition of the term. In *Burns v. Board of Nursing,* 495 N.W.2d 698, 701 (Iowa 1993), we said:

> We think the board applied an appropriate definition to the facts here. The nursing board should not be required to wait until the habitual intoxication becomes so debilitating that there is immediate danger of harm to patients. The section should be liberally applied so as to protect the public by allowing the nursing board to interfere when harm is imminent, and before it occurs.

We think the board proceeded in this case within the proper parameters of these jurisdictional phrases in Iowa Code section 147.55. It thereby acquired jurisdiction to adjudicate the charge against him.

 A further claim of a due process violation is proferred by Paulson. This is based on his facing a choice of (1) denying the allegations in the settlement and having his license suspended, or (2) admitting the allegations, agreeing to the settlement and keeping his license on a probationary basis.

This choice is, of course, statutorily grounded and we have already found no due process violation as outlined above. The fact that the choice is an unpleasant one would always be the case where a settlement is offered in lieu of litigating the board's charges. But that does not raise the matter to a due process significance and Paulson was not without counsel when he agreed to the settlement agreement. In that matter, he was represented by two very experienced and redoubtable members of the trial bar. Paulson's final claims lack merit.

The district court's dismissal of Paulson's petition is affirmed.

**AFFIRMED.**