# IN THE COURT OF APPEALS OF IOWA

No. 13-1623
Filed August 27, 2014

**DONNA DELOUIS, D.O.,**
        Petitioner-Appellant,

**vs.**

**IOWA BOARD OF MEDICINE,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


        Petitioner appeals the district court decision affirming the ruling of the Iowa

Board of Medicine refusing her request to rescind a settlement agreement.

**AFFIRMED.**


        Michael M. Sellers of Sellers & Haraldson, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and September M. Lau, Assistant

Attorney General, for appellee.


        Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

Dr. Donna DeLouis appeals the district court decision affirming the ruling of the Iowa Board of Medicine refusing her request to rescind a settlement agreement. We conclude the district court was correct in determining it did not have the ability to review the validity or the terms of the settlement agreement as the petition for judicial review was untimely to challenge a contested case proceeding. Alternatively, Dr. DeLouis claims she timely filed a petition for judicial review challenging "other agency action" of the board. However, the actions of the board, which Dr. DeLouis characterizes as "other agency action," were actually part of the resolution in a contested case proceeding. We affirm the decision of the district court.

## I. Background Facts & Proceedings

Donna DeLouis, D.O., has been licensed to practice medicine in Iowa since 1987. In 2012 the Iowa Board of Medicine alleged she violated the rules of the board by prescribing phentermine, a controlled substance, to a family member on multiple occasions between April 2009 and February 2012.

The board presented Dr. DeLouis with a Statement of Charges and Settlement Agreement (Settlement Agreement), which she signed, and which was approved by the board on September 21, 2012. The Settlement Agreement cited her for violating the rules of the board and warned "that violating the laws and rules governing the practice of medicine in the future may result in further disciplinary action, including suspension or revocation of her Iowa medical license." Dr. DeLouis was assessed a civil fine of $2500 and was also required

to complete a professional ethics program within ninety days. The Settlement Agreement provided, "By entering into this Order, [Dr. DeLouis] voluntarily waives any rights to a contested case hearing on the allegations contained in the Statement of Charges and waives any objections to the terms of this Order." On the board's approval, the Settlement Agreement constituted a final order of the board.

Pursuant to federal rule, 45 C.F.R. § 60.8(a), "Each Board of Medical Examiners must report to the NPDB [National Practitioner Data Bank] any action based on reasons relating to a physician's or dentist's professional competence or professional conduct," (1) which revokes, suspends, or restricts a physician's license, (2) which censures, reprimands, or places on probation a physician, or (3) under which a physician's license is surrendered. Following this rule, the Iowa Board of Medicine reported the Settlement Agreement to the NPDB. Based on the report in the NPDB, Dr. DeLouis was dropped from coverage by her medical malpractice insurance carrier and because she did not have insurance coverage she was no longer able to practice medicine with her employer.

On November 29, 2012, Dr. DeLouis filed a request with the board for rescission of the Settlement Agreement and the board's report to the NPDB. She stated the Settlement Agreement contained no notice that a report would be made to the NPDB and she was not guilty of unprofessional conduct. She pointed out she had not been represented by counsel and claimed she had not understood the nature or the importance of the charges against her. Dr. DeLouis

asked to have the Settlement Agreement rescinded to permit her to continue with a contested case proceeding.

The board denied Dr. DeLouis's request to rescind the Settlement Agreement on February 14, 2013. The board determined Dr. DeLouis had voluntarily entered into the Settlement Agreement. It pointed out that she could have sought legal counsel, but chose not to. The board concluded Dr. DeLouis "should have understood the gravity of the charges given the formal nature of the combined Statement of Charges and Settlement Agreement." It noted that it was required by federal law to file a report with the NPDB. The board concluded the Settlement Agreement was a valid and binding order.

On March 15, 2013, Dr. DeLouis filed a petition for judicial review of the board's decision. Before the district court, the board filed a motion to dismiss asserting Dr. DeLouis's petition for judicial review was untimely because it was not filed within thirty days after the Settlement Agreement was approved by the board on September 21, 2012. The board also responded to Dr. DeLouis's petition on the merits. Dr. DeLouis resisted the board's motion to dismiss.

The district court affirmed in part and denied in part the motion to dismiss. The district court determined the Settlement Agreement was the resolution of a contested case proceeding and because Dr. DeLouis did not seek review of the Settlement Agreement in a timely manner, the court could not address the terms of the document. Additionally, the court determined the board's denial of Dr. DeLouis's request to rescind the report to the NPDB constituted "other agency action," which could be raised whenever a person was aggrieved or adversely

affected by agency action. The court concluded the petition for judicial review was limited to the issue of whether the board's decision not to rescind its report to the NPDB was an error of law or was unreasonable, capricious, or arbitrary. The court denied Dr. DeLouis's motion pursuant to Iowa Rule of Civil Procedure 1.904(2).

In considering the merits of the case, the district court affirmed the decision of the board to deny the request to rescind its report to the NPDB. The court determined Dr. DeLouis had been censured and reprimanded by the terms of the Settlement Agreement citing her for violating the rules of the board and issuing a warning concerning further rule violations. The court determined that under federal law the board was required to report the terms of the Settlement Agreement to the NPDB. Dr. DeLouis appeals the decision of the district court.

## II.    **Untimeliness of Petition**

Dr. DeLouis first claims the district court erred in its ruling on the board's motion to dismiss the petition for judicial review on the ground of untimeliness. She asserts she was not aware of the effects of the Settlement Agreement until the time to file a petition for judicial review had passed. She claims the board concealed the fact the Settlement Agreement would be reported to the NPDB, which prevented her from filing a petition in a timely manner.

We review the district court's ruling on a motion to dismiss for the correction of errors at law. *Strickland v. Iowa Bd. of Med.*, 764 N.W.2d 559, 561 (Iowa Ct. App. 2009). We apply the standards found in Iowa Code chapter 17A (2011) to determine whether our conclusions are the same as those made by the

district court. *Doe v. Iowa Bd. of Med. Exam'rs*, 733 N.W.2d 705, 707 (Iowa 2007).

**A.** Whether Dr. DeLouis's petition for judicial review was timely depends upon the type of action being reviewed. *See Fort Dodge Sec. Police, Inc. v. Iowa Dep't of Revenue*, 414 N.W.2d 666, 669 (Iowa Ct. App. 1987). In a contested case proceeding a petition for judicial review must be filed within thirty days after the agency's final decision. Iowa Code § 17A.19(3). On the other hand, "In cases involving a petition for judicial review of agency action other than the decision in a contested case, the petition may be filed at any time petitioner is aggrieved or adversely affected by that action." *Id.*

The Settlement Agreement provided that it "constitutes the resolution of a contested case proceeding." *See also* Iowa Admin. Code r. 653-25.3(4) ("A combined statement of charges and settlement agreement shall constitute the resolution of a contested case proceeding."). Furthermore, in considering an informal settlement agreement with the Iowa Board of Medical Examiners, the Iowa Supreme Court found, "Our review convinces us that this was a contested case proceeding that resulted in a settlement agreement." *Paulson v. Bd. of Med. Exam'rs*, 592 N.W.2d 677, 680 (Iowa 1999). The court continued, "The order that ensued from the board was a final decision in a contested case. As such, Paulson was subject to the time limitations for appeals in Iowa Code section 17A.19(3)." *Id.*

We conclude the district court was correct in determining the Settlement Agreement was the final agency action in a contested case proceeding, and

therefore, in order to timely challenge the Settlement Agreement Dr. DeLouis would have been required to file a petition for judicial review within thirty days of the agency's final decision on September 21, 2012. Her petition filed on March 15, 2013, was untimely to challenge the contested case proceeding. Without a timely petition for judicial review the district court did not have jurisdiction to review the terms of the Settlement Agreement.[1] *See Sharp v. Iowa Dep't of Job Serv.*, 492 N.W.2d 668, 669 (Iowa 1992) ("A timely petition for judicial review to the district court is a jurisdictional prerequisite for review of final agency action.").

The exclusive means of seeking judicial review of agency action is through the statutory provisions of section 17A.19. *Sharp*, 492 N.W.2d at 670. Section 17A.19 does not provide any method for extending the time to file a petition for judicial review based on discovery or fraudulent concealment. Furthermore, the Iowa Rules of Civil Procedure do not apply to extend the time limit for filing a petition for judicial review. *Id.* We conclude the district court was correct in determining it did not have the ability to review the validity or the terms of the Settlement Agreement.

**B.** As noted above, the thirty-day time limitation does not apply to "other agency action." *See* Iowa Code § 17A.19(3). The board's action of informing the NPDB of the action taken against Dr. DeLouis constituted "other

---

[1] Courts have been inconsistent in their terminology concerning whether a court lacks authority or subject matter jurisdiction when a party fails to follow the statutory requisites for filing a petition for judicial review. *See. e.g., City of Des Moines v. City Dev. Bd.*, 633 N.W.2d 305, 309 (Iowa 2001) (finding a court was without authority to hear a case because the petition for judicial review was untimely); *Anderson v. W. Hogman & Sons, Inc.*, 524 N.W.2d 418, 421 n.2 (Iowa 1994) (distinguishing between subject matter jurisdiction and authority, then stating "compliance with the statutory prerequisites for judicial review is required for the district court to obtain *jurisdiction*.").

agency action." *See Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 826-27 (Iowa 2007) (finding board's dissemination of information about the denial of a physician's license was "other agency action"); *see also Doe*, 733 N.W.2d at 707 (finding board's action informing a medical board in another state of a pending investigation in Iowa constituted "other agency action"). A petition for judicial review challenging "other agency action" may be filed at any time a petitioner is aggrieved or adversely affected by the agency's action. Iowa Code § 17A.19(3); *Smith*, 729 N.W.2d at 826. Thus, the district court was correct in determining Dr. DeLouis had timely filed a petition for judicial review challenging the action of the board in informing the NPDB of the Settlement Agreement. On appeal, Dr. DeLouis has not challenged the district court's determination that under 45 C.F.R. § 60.8 the board was required to report the terms of the Settlement Agreement to the NPDB.

### III.    "Other Agency Action"

Dr. DeLouis claims the district court erred when it refused to consider deficiencies in the Settlement Agreement as part of its review of "other agency action." Dr. DeLouis attempts to characterize several aspects of the Settlement Agreement as constituting "other agency action." She claims the board's decision not to include information in the Settlement Agreement that a report would be sent to the NPDB was "other agency action." She also claims the Settlement Agreement did not reflect her informed consent, and therefore, the board's decision not to rescind the Settlement Agreement constituted "other agency action." She asserts other physicians who were investigated for similar

conduct were not subject to public discipline, nor reported to the NPDB, and the board's decision to subject her to public discipline and send a report to the NPDB was "other agency action."

"Other agency action" is action by an administrative agency that is not a contested case proceeding or rulemaking. *Smith*, 729 N.W.2d at 826. "Accordingly, agency action taken without a hearing required by a statute or constitution or action taken after a required hearing that does not rise to the level of an evidentiary hearing is other agency action." *Id.* In a contested case proceeding, however, "the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing." *Id.* (citing Iowa Code § 17A.2(5)).

We conclude the district court was correct in determining the board's actions, which Dr. DeLouis characterizes as "other agency action," were actually part of the resolution in a contested case proceeding. The decision concerning which terms to include in the Settlement Agreement was part of the settlement of the contested case proceeding. By signing the Settlement Agreement, Dr. DeLouis agreed to the terms of the Settlement Agreement. *See Gouge v. McNamara*, 586 N.W.2d 710, 714-15 (Iowa Ct. App. 1998) ("A party is charged with notice of the terms and conditions of a contract if the party is able or has had the opportunity to read the agreement and is bound by a document the party signs even though the party has not expressly accepted all of the contract provisions and is not aware of them."). Furthermore, the Settlement Agreement provided, "By entering into this Order, [Dr. DeLouis] voluntarily waives any rights

to a contested case hearing on the allegations contained in the Statement of Charges and *waives any objections to the terms of this Order.*" (Emphasis added).

We also note in a similar case a surgeon was issued a citation and warning after an administrative hearing, and subsequently the board submitted an adverse action report to the NPDB. *See Leo v. Iowa Bd. of Med. Exam'rs*, 586 N.W.2d 530, 531 (Iowa Ct. App. 1998). We found while the board's citation and warning did not advise the surgeon it would report the infraction, the citation and warning were a public record. *Id.* at 532. We stated, "This language was sufficient to advise Leo he had no expectation of privacy in the citation and the Board held it as a public record. Leo was sufficiently advised of the consequence of the citation and warning of which he now complains." *Id.* at 532-33.

The Settlement Agreement was a public record. *See* Iowa Admin. Code rs. 653-25.3(5) ("A combined statement of charges and settlement agreement is an open record."); 653-25.17(5) ("A settlement agreement is an open record."). Furthermore the board's rules provide, "The board shall report final decisions to the appropriate organizations, including but not limited to the National Practitioner Data Bank, the Federation of State Medical Boards and all media and other organizations that have filed a request for public information." Iowa Admin. Code r. 653-25.32(17A). As was the case in *Leo*, Dr. DeLouis was sufficiently advised of the consequences of the Settlement Agreement.

We affirm the decision of the district court affirming the decision of the Iowa Board of Medicine.

**AFFIRMED.**