# IN THE COURT OF APPEALS OF IOWA

No. 25-1219
Filed June 10, 2026

**Driftless Water Defenders, an Iowa Nonprofit Corporation, Russell Baldner, Jean A. Murray, Linzy Martin, Darrel Ballantyne, Marc Oyloe, Thomas K. Murray, Nancy Bolson, Sue Ballantyne, Michael A. Zelinskas, Chuck Andracchio, Lana Oyloe, Norma Jean Bosma, Stacy Davi, Alan Wessels, Mary Gilbey Strub, Larry A. Stone, John W. Beard, David Cavagnaro, Brian L. Bruening-Boudouani, Steve Veysey, Ann Edgerton, Tim D. Wagner, R. Ivy Riggs, Martin Holmes, Emily Fagan, Steven R. Nelson, Carl Homstad, Andrea Austin Homstad, Robert Watson, Mary Kroupa, Cathryn Baldner, Robert Bolson, Deborah Pape, Neal Sheeley, Bill Ohde, Chad Cox, Melissa O'Rourke, Melissa Anderson, Marguerite C. Meade, Klaus Deboer, Laurel S. Klosterboer, Charles Huber, Cindy Huber, Nona Wessels, Laurie Bartz, Armund O. Bartz, Jim Martin-Schramm, Ray Mitchell, Cheryl R. Wieseler, Monte Wieseler, Miriam Patton, Anne J. Clausen, Catherine E. Pardee, Tim Lecander, Kristin Erickson, Bonnie Bickel James, Susan Otte, Lyle Otte, Steve McCargar, William J. Pardee, Debra Huffman, Birgitta R. Meade, Mary Lewis, Julie B. Fischer, Leann Rugland Watson, Craig Watson, Philip W. Iversen, Sheryl A. Slitor, Rhonda M. Sheeley, Diann Weymiller, Susan Herndon, Kirsten Olson, Robert L. Fischer, Sarah A. Iversen, Terri Mozzone, Steve Hanken, Sharon L. Hanken, Teri C. Veysey, and Heidi Swets,**
Petitioners–Appellants,

v.

**Iowa Department of Natural Resources and Supreme Beef, LLC,**
Respondents–Appellees.

Appeal from the Iowa District Court for Clayton County,
The Honorable Richard D. Stochl, Judge.

————————————

**REVERSED AND REMANDED**

————————————

James C. Larew (argued) of Larew Law Office, Iowa City, attorney for appellants.

Brenna Bird, Attorney General, Rudra Reddy (argued), Assistant Solicitor General, Eric Wessan, Solicitor General, and Patrick C. Valencia, Deputy Solicitor General, attorneys for appellee Iowa Department of Natural Resources.

Teresa B. Morio and Jackson Blais of Shuttleworth & Ingersoll, PLC, Cedar Rapids, attorneys for appellee Supreme Beef, LLC.

————————————

Heard at oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

This appeal arises from the district court's dismissal of a petition for judicial review brought by Driftless Water Defenders, an Iowa nonprofit corporation, and a group of seventy-nine individuals (collectively, "Driftless"). The district court ruled that Driftless failed to exhaust its administrative remedies. Driftless claims relief under the theory that the Iowa Department of Natural Resources (DNR) was legally obligated to investigate its complaint but failed to do so. The code sections that Driftless brings its action under, however, do not impose the exhaustion requirements the district court relied on to dismiss the suit. We accordingly reverse the district court's order as it pertains to Driftless's claims[1] and remand for further proceedings.

## BACKGROUND FACTS AND PROCEEDINGS

In May 2017, the DNR issued a permit to Supreme Beef, LLC for the purpose of "diverting, storing, or withdrawing water from any surface or groundwater source." Supreme Beef is a privately owned cattle-feeding company that operates in Clayton County and sits at the headwaters of Bloody Run Creek. The DNR renewed this permit effective June 1, 2022. Driftless, concerned with the impact Supreme Beef's operation was having on the environment in and around Bloody Run Creek, appealed the decision to renew the permit on July 15.

This triggered a contested case proceeding before the Iowa Administrative Hearings Division challenging the DNR's issuance of the permit to Supreme Beef. At a case hearing, both sides presented evidence

---

[1] The district court's order also addressed claims brought by Tammy Thompson and other petitioners who appealed separately.

and testimony, and the evidentiary record closed after the hearing concluded. Later, Driftless tried to enter a sworn declaration prepared by Christopher Jones, the president of Driftless Water Defenders. The Administrative Law Judge (ALJ) rejected the declaration as untimely and did not allow it into evidence.

On November 12, 2024, the ALJ issued a proposed decision remanding the matter to the DNR. The proposed decision found that the DNR had improperly characterized Supreme Beef's water usage as a per se beneficial use, meaning the DNR had not properly considered all required factors in deciding whether to renew the water usage permit. The decision also remanded the case to the DNR to fully "articulate a reasonable and rational basis for finding a 'beneficial use' exists, or does not exist" under Iowa Code section 455B.262's (2022) enumerated factors. Neither party appealed the proposed decision, and it became final on December 12.

While the matter was on remand with the DNR, Driftless filed an administrative complaint with the DNR to rescind Supreme Beef's water-use permit. Driftless filed its complaint under Iowa Administrative Code rule 561–3.3(1)(b)(1),[2] which provides:

> The [DNR] shall investigate the following types of complaints: alleged unauthorized depleting uses of water pursuant to Iowa Code section 455B.274; alleged violations of air or water pollution statutes, rules or permits when requested by any state agency, political subdivision, local board of health, or 25 residents of the state pursuant to Iowa Code subsections 455B.134(8) and 455B.174(1). The appropriate office shall

---

[2] Since litigation started, Iowa Administrative Code rule 561–3.3 has been rescinded. It was rescinded on August 27, 2025, after Driftless filed its administrative complaint and petition for judicial review. Neither party contests the proposition that it remains operative for the purposes of this litigation.

> conduct an investigation and notify the complainant of the results of the investigation.

Driftless submitted its complaint with the signatures of more than twenty-five Iowa residents.

On January 29, 2025, the DNR issued a memorandum to Driftless articulating its "final statutory analysis" on whether Supreme Beef's proposed use was "beneficial and consistent with Iowa law." The memorandum stated that it "represent[ed] the final agency action pursuant to this case." The memorandum reaffirmed the DNR's prior proposed decision approving the renewal of the water use permit issued to Supreme Beef and that a beneficial use existed.

Driftless did not appeal the DNR's memorandum to the Iowa Environmental Protection Commission (EPC) and instead filed a petition for judicial review on April 10 under Iowa Code section 17A.19(1) (2025), alleging that it had "exhausted all adequate administrative remedies and [was] aggrieved or adversely affected by [a] final agency action." Driftless petitioned the district court to "[o]rder the DNR to perform its mandatory investigation of [Driftless's] complaint pursuant to Iowa Administrative Code rule 561–3.3(1)(b)(1)."

On June 25, the district court dismissed Driftless's claims based on a failure to exhaust administrative remedies. While the district court's order did not mention Driftless's claim under Iowa Administrative Code rule 561–3.3(1)(b)(1), it did determine it did not have jurisdiction to consider the case "[b]ecause petitioners have not exhausted their administrative remedies under Iowa Code Chapter 17A," and they were "required to appeal [the DNR's final agency actions] to [the] EPC, not petition for judicial review." Driftless did not move to reconsider, enlarge, or amend the district court's

order under Iowa Rule of Civil Procedure 1.904(2). Driftless now appeals the district court's order.

## STANDARD OF REVIEW

"We review the district court ruling on the motion to dismiss for the correction of errors at law." *Halbur v. Larson*, 14 N.W.3d 363, 373 (Iowa 2024).

## DISCUSSION

Driftless contends the district court erred in dismissing the complaint based on failure to exhaust administrative remedies, but the DNR asserts that Driftless failed to preserve error on its claim. We will address the issue of error preservation first.

## I.    Error Preservation

The DNR argues that the district court's order does not directly address Driftless's claim under Iowa Administrative Code rule 561–3.3(1)(b)(1), and because Driftless did not file a motion to enlarge under rule 1.904(2), it failed to preserve error on its claim. The DNR asserts that Driftless concedes this in their appellate brief.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (citation omitted). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* (citation omitted). But we can affirm a trial court "on any basis appearing in the record and urged by the prevailing party," even if "the district court did not rely on [the] ground for

its decision." *In re Est. of Voss*, 553 N.W.2d 878, 879 n.1 (Iowa 1996); *see Johnson Equip. Corp. v. Indus. Indem.*, 489 N.W.2d 13, 17 (Iowa 1992).

Driftless contends that the district court addressed the core issue of exhaustion. The district court stated in its order, "Petitioners were required to appeal to EPC, not petition for judicial review. Because petitioners have not exhausted their administrative remedies under Iowa Code chapter 17A, this court does not have jurisdiction to consider this controversy on judicial review."

True, the district court did not specifically mention Driftless's claim brought under rule 561–3.3(1)(b)(1). But we agree that it addressed the core issue of Driftless's claim: whether Driftless exhausted its administrative remedies. The issue of exhaustion of administrative remedies clearly appears in the record and is urged by the prevailing party. *See Voss*, 553 N.W.2d at 879 n.1. We therefore decline to find that Driftless failed to preserve error and move to the merits of its claim.

## II.  Exhaustion of Administrative Remedies

The DNR argues Driftless was required to exhaust its administrative remedies before petitioning for judicial review for its claim under rule 561–3.3(1)(b)(1) and failed to do so. The Iowa Administrative Procedure Act only allows parties who have "exhausted all adequate administrative remedies" and who have been "aggrieved or adversely affected by a final agency action" to seek judicial review. Iowa Code § 17A.19(1). "[W]hen a litigant requests judicial review before exhausting administrative remedies, the district court merely lacks authority to entertain a particular case." *Keokuk Cnty. v. H.B.*, 593 N.W.2d 118, 122 (Iowa 1999). Two conditions must be satisfied before imposing an exhaustion requirement: "(1) an administrative remedy exists for the claimed wrong; and (2) the involved statute expressly or impliedly

7

requires the remedy to be exhausted before resorting to the courts." *Pruess Elevator, Inc. v. Iowa Dep't of Natural Res.*, 477 N.W.2d 675, 677 (Iowa 1991).

The DNR asserts that Iowa Code section 455B.278 satisfies both conditions. But section 455B.278(2) provides "[a]ction by the [DNR] *upon an application for a permit . . .* may be appealed to the [EPC] by the applicant or an affected person within thirty days of the department's action." (Emphasis added). Section 455B.278 governs and provides an administrative remedy for claimed wrongs regarding the permitting process for water use permits: appealing said claimed wrongs to the EPC. *See* Iowa Code § 455B.278(2).

Driftless's action is not brought under section 455B.278, and it does not necessarily challenge the issuance of a water-use permit. The action is instead brought under Iowa Administrative Code rule 561–3.3(1)(b)(1), section 455B.174(1), and section 455B.134(8), all of which govern (in part) the DNR's obligations to investigate alleged water and air pollution. *See id.* §§ 455B.174(1) ("The director [of the DNR] shall [c]onduct investigations of alleged water pollution . . . upon written request of . . . twenty-five residents of the state."), 455B.134(8) ("The director [of the DNR] shall . . . [c]onsider complaints of conditions reported to, or considered likely to, constitute air pollution, and investigate such complaints upon receipt of the written petition of . . . twenty-five affected residents of the state."). Rule 561–3.3(1)(b)(1) provides:

> The [DNR] shall investigate the following types of complaints: alleged unauthorized depleting uses of water pursuant to Iowa Code section 455B.274; *alleged violations of air or water pollution statutes*, rules or permits when requested by any state agency, political subdivision, local board of health, or 25 residents of the state pursuant to Iowa Code subsections 455B.134(8) and 455B.174(1).

(Emphasis added).

All three of these code provisions require the DNR to investigate alleged air and water pollution at the request of twenty-five residents of the State of Iowa. None of these code provisions require a party to appeal to the EPC when the DNR fails to conduct its required investigation. These code provisions do not provide such an administrative remedy for Driftless to have followed. Thus, an administrative remedy does not "exist[] for the claimed wrong" as required by the exhaustion rule. *Pruess Elevator, Inc.*, 477 N.W.2d at 677.

We decline to read section 455B.278's exhaustion remedy and requirement into section 455B.134(8), section 455B.174(1), or rule 561–3.3(1)(b)(1). If the legislature wanted to create an exhaustion remedy and requirement under these code sections, it could have done so. It did so in section 455B.278; but section 455B.278 is separate from the three code sections cited by Driftless. And an "absent provision cannot be supplied by the court[]." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 94 (2012). To do so would be an act of judicial legislation, which we decline to carry out. *See id*.

And since section 455B.134(8), section 455B.174(1), and rule 561–3.3(1)(b)(1) do not direct appeals to the EPC, the commission would have no jurisdiction or authority to require the DNR to investigate. Driftless was not required to appeal to the EPC when the DNR failed to conduct an investigation under section 455B.134(8), section 455B.174(1), or rule 561–3.3(1)(b)(1). The district court erred in holding that Driftless failed to exhaust

its administrative remedies. We therefore remand to the district court for further proceedings.

**REVERSED AND REMANDED.**