ACCEPTED
15-24-00102-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/31/2025 1:02 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-24-00102-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/31/2025 1:02:38 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICAL DISTRICT
AUSTIN, TEXAS

_____

Texas State Board of Veterinary Medical Examiners and Brittaney Sharkey, Solely
in Her Official Capacity as Executive Director of the Texas State Board of
Veterinary Medical Examiners,

*Appellants,*

*v.*

Shawn Messonnier, DVM,

*Appellee.*

_____

On Appeal from the
98th Judicial District Court, Travis County, Texas
Honorable Maya Guerra Gamble Presiding

---

**BRIEF OF DR. MESSONNIER**

---

J. Kirk Bryant                     Donald A. Ferrill, DVM
State Bar No. 03280550             State Bar No. 00784047
kbryant@whitakerchalk.com          dferrill@whitakerchalk.com
**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501
ATTORNEYS FOR DR. MESSONNIER
**SHAWN MESSONNIER, DVM**

# IDENTITY OF PARTIES AND COUNSEL

| Appellants/Defendants: | Counsel on Appeal and before the Trial Court: |
|---|---|
| Texas State Board of Veterinary Medical Examiners, and Brittany Sharkey, in her capacity as Executive Director of the Texas State Board of Veterinary Medical Examiners.[1] | Ken Paxton<br>Attorney General<br><br>Brent Webster<br>First Assistant Attorney General<br><br>Ralph Molina<br>Deputy First Attorney General<br><br>James A. Lloyd<br>Deputy Attorney General for Civil Litigation<br><br>Ernest C. Garcia<br>Chief, Administrative Law Division<br><br>Ted A. Ross (Lead Attorney)<br>Assistant Attorney General<br>State Bar No. 24008890<br>Office of the Texas Attorney General<br>Administrative Law Division<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>Telephone: (512) 475-4191<br>Email: ted.ross@oag.texas.gov |

---

[1] At time of filing of the Petition in this case the Executive Director was John M. Helenberg, who is no longer with the Board.

| *Dr. Messonnier /Plaintiff:* | *Counsel before the Board and before the Trial Court:* |
| --- | --- |
| Shawn Messonnier, DVM | J. Kirk Bryant<br>Texas State Bar No. 03280550<br>kbryant@whitakerchalk.com<br><br>Donald A. Ferrill<br>Texas State Bar No. 00784047<br>dferrill@whitakerchalk.com<br>301 Commerce Street, Suite 3500<br>Fort Worth, Texas 76102<br>Tel. (817) 878-0500<br>Fax  (817) 878-0501 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .......................................................... i

TABLE OF CONTENTS.................................................................................. ii

INDEX OF AUTHORITES...............................................................................iv

NOTES CONCERNING RECORD REFERENCES
AND ABBREVIATIONS................................................................................. v

STATEMENT OF THE CASE........................................................................ 1

STATEMENT REGARDING ORAL ARGUMENT ................................................3

ISSUES PRESENTED.....................................................................................3

STATEMENT OF THE FACTS ........................................................................3

SUMMARY OF THE ARGUMENT ...................................................................6

    A-B   Section 801.207 (b) is constitutionally infirm as applied and the process undertaken by the Board has deprived him of his right to due process of law ........................................................................ 7

    C.    The Board's Desire for Confidentiality does not override Due Process............................................................................................ 8

    D.    The Judgment is not an impermissible Advisory Opinion................... 9

    E.    If deemed necessary, this Court may modify Judgment language........................................................................................ 9

ARGUMENT ...............................................................................................10

    A-B   Section 801.207 (b) is constitutionally infirm as applied and the

Process undertaken by the Board has deprived him of his right
to due process of law ............................................................... 10

C.     The Board's Desire for Confidentiality does not override Due
Process ................................................................................... 15

D.     The Judgment is not an impermissible Advisory Opinion ................. 15

E.     If deemed necessary, this Court may modify Judgment
language ................................................................................. 16

PRAYER ................................................................................................. 17

CERTIFICATE OF SERVICE ................................................................. 18

CERTIFICATE OF COMPLIANCE ......................................................... 18

# INDEX OF AUTHORITES

**Cases**                                                    **Page**

*Doe v. Iowa Bd. of Med. Examiners*
    733 N.W.2d 705, 708, Iowa Sup. (2007)......................................................16

*Hannah v. Larche*
    363 U.S. 420, 80 S. Ct. 1502 (1960) ..........................................................14

*Kennebrew v Harris*
    425 S.W. 3d 588 (Tex. App—Houston [14th Dist.] 2014, no pet.) .........10, 17

*Ramirez v. Texas State Bd. of Medical Examiners*
    927 S.W.2d 770 (Tex.App.—Austin 1996, pet. denied)...............................14

*Ray v. Texas State Bd. of Pub. Accountancy*
    4 S.W.3d 429 (Tex. App. – Austin 1999, no pet.).......................................11

*Scally v. Tex. State Bd. of Med. Examiners*
    351 S.W.3d 434 (Tex. App.—Austin 2011, pet. denied)............................10

*State v. Crank*
    666 S.W.2d, 94 (Tex. 1994) ........................................................................8

*Texas State Bd. of Pharmacy v. Seely*
    764 S.W.2d 806, (Tex.App.-- Austin 1988, writ denied)............................12

**Rules**                                                      **Page**

Texas Administrative Code Board Rules
22 TAC 575.28...................................................................................1, 2, 3, 9, 16
22 TAC 575.29................................................................................1, 2, 3, 6, 9, 16

Texas Rule of Appellate Procedure 43.2(b).......................................................10 ,17
Travis County Local Rules, Chapter 10.2...............................................................1

**Statutes**                                                      **Page**

Texas Occupations Code Chapter 801...................................................................3
    § 801.001 et. seq. ............................................................................6

§ 801.207 (b)......................................iii, vii, 1, 2, 3,4, 5, 6, 7, 8, 10, 11, 12, 15

§ 801.408 ...........................................................................................5, 14

2017 Amendment of § 801.207 (b) 2 ............................................................

Texas Government Code

 Chapter 552.........................................................................................4

 § 2001.003(1)...................................................................................14

 § 2001.038(a)...................................................................................16

**Other**                    **Page**

*Acts 2021, 87th Leg., ch*. 419 (H.B. 3442), § 1, effective September 1, 2021 .........2

Open Records Decision No. 683.................................................................. 4-5, 11

Open Records Decision 26067...................................................................5

*Texas. Constitution,* Article I, § 19 ............................................................11

Texas Disciplinary Rules of Professional Conduct (Preamble) ..............................14

*United States Constitution,* Fourteenth Amendment, § 1 .........................................11

**NOTES CONCERNING RECORD REFERENCES AND ABBREVIATIONS**

| | |
|---|---|
| Board | Appellants, Texas State Board of Veterinary Medical Examiners, and Brittany Sharkey, Solely in Her Official Capacity as Executive Director of the Texas State Board of Veterinary Medical Examiners |
| CR | The Clerk's Record will be referred to as "CR _" For example a reference to page 5 of the Clerk's Record will appear as "CR 5" |
| Dr. Messonnier | Appellee, Shawn Messonnier, DVM. |
| RR | The Reporter's Record will be referred to as "RR-" with the record volume preceding the "RR." |
| | Volume 2 of the Reporter's Record contains the transcript of the Trial. Page and line references to Volume 2 will appear as :2RR P_L_. |
| | Volume 3 of the Reporter Record contains Trial Exhibits Reference to specific Exhibits will appear as 3RR PX_/DX_ and will also contain sequential reference to the PDF page or pages (PDF___). |
| Section [§] 801.207 (b) | Refers to *Texas Occupations Code* § 801.207 (b) in effect from September 1, 2017 through September 1, 2021. |

**STATEMENT OF THE CASE**

***Nature of the case:*** As originally pled in this case Dr. Messonnier sought:

1. A Writ of Mandamus issues compelling the Texas State Board of Veterinary Medical Examiners to produce to certain records to Dr. Messonnier;

2. A Temporary Restraining Order and subsequently a Temporary Injunction, barring the Board from proceeding with an Informal Conference regarding the matters in issue until the Board had complied;

and

3. A Declaratory Judgment issue declaring that:

  a. As to Plaintiff and license holders similarly situated, Texas Occupations Code § 801.207 (b), as amended in 2017, violates Plaintiff's right to due process under the United States and Texas Constitutions and is unenforceable;

  b. All Board Rules, specifically including 22 TAC 575.28 and 29 and all Board practices, formal and informal, which fail to provide Plaintiff and license holders similarly situated, actual notice of the complaints against them, including the specific factual allegations thereof, violates Plaintiff's right to due process under the United States and Texas Constitutions and is unenforceable. (CR 3-45)

***Course of proceedings:*** In lieu of temporary relief, the Parties agreed that the Board would not proceed with an Informal Conference pending trial. Thereafter, on July 2, 2024, the case came on for a bench trial before the Honorable Maya Guerra Gamble, presiding by assignment in the in the 98th Judicial District Court of Travis County, Texas.[2]

***Trial court disposition:*** At trial, the Trial Court declined to issue Mandamus but found that:

---

[2] Sitting by assignment in accordance with Travis County Local Rules, Chapter 10.2.

1.  "To **the extent** that Texas Occupations Code § 801.207 (b), (2017) is interpreted to prohibit the release of complaints against Plaintiff and license holders similarly situated, [it] is unconstitutional and unenforceable as to Plaintiff and license holders similarly situated as a violation of Plaintiff's due process rights under the United States and Texas Constitutions."

    and

2.  Board Rules, specifically including 22 TAC 575.28 and 29 (2018) and all Board practices, formal and informal, which fail to provide Plaintiff and license holders similarly situated, actual notice of the complaints against them, including the specific factual allegations thereof, and the actual and threatened application thereof are a violation of Plaintiff's due process rights under the United States and Texas Constitutions.

Based upon those findings the Trial Court entered a declaratory judgment that:

1.  Texas Occupations Code § 801.207 (b), (2017)[3] is unenforceable to the extent the same is interpreted to prohibit the release of complaints against Dr. Messonnier and license holders similarly situated who are the subject to Board Complaints.

    and

2.  Board Rules, specifically including 22 TAC 575.28 and 29 (2018) and all Board practices, formal and informal, is unenforceable to the extent the same is interpreted to prohibit the release of complaints against Dr. Messonnier and license holders similarly situated who are the subject to Board Complaints. (CR 157-158).

***Post trial proceedings:*** On July 26, 2024, the Board filed Defendant's Motion to Modify Judgment. (CR159-223). The Motion to Modify Judgment was not set for hearing and was overruled by operation of law. On September 20, 2024, the Board filed its Notice of Appeal.

---

[3] Since superseded by Legislative Amendment, see *Acts 2021, 87th Leg., ch*. 419 (H.B. 3442), § 1, effective September1. 2021.

## STATEMENT REGARDING ORAL ARGUMENT

Dr. Messonnier does not believe Oral Argument is required, but if Oral Argument is requested, Dr. Messonnier requests the opportunity to participate.

## ISSUES PRESENTED

The Trial Court properly ruled that, as applied to Dr. Messonnier, § 801.207 (b), as amended in 2017, and the Board Rules, specifically including 22 TAC 575.28 and 29 and all Board practices, formal and informal there under which deny Dr. Messonnier access to actual complaints made the basis of proposed disciplinary actions, violate Plaintiff's right to due process under the United States and Texas Constitutions and are unenforceable as to Dr. Messonnier and those similarly situated.

## STATEMENT OF FACTS

Dr. Messonnier, is a veterinarian licensed by the Board. Dr. Messonnier has been licensed since 1987 and has been in the continuous practice of Veterinary Medicine thereafter.

The Board is the agency of the State of Texas charged with overseeing the practice of Veterinary Medicine in the State of Texas. See generally Tex. Occ. Code Chapter 801.

Among the Board's responsibilities are investigating complaints against Veterinarians.

On April 3, 2019, the Board sent to Dr. Messonnier a notice that it had received a complaint regarding six animals ("Notice Letter"). 3RR PX 2 (PDF 5-7) The Notice Letter referenced Board Complaint Number CP19-202 but no other complaints.

The Notice Letter only provided conclusory allegations that Plaintiff may have violated two rules relating to the named animals. The Notice Letter did not provide the Plaintiff with copies of the Complaint or even so much as a summary of the factual allegations underlying the Complaint.

The Notice Letter required Plaintiff to provide a narrative of the care rendered to the animals in question, along with the patient records.

On August 13, 2020, Donald Ferrill, DVM JD notified the Board that he represented Dr. Messonnier. Also, on August 13, 2020, Dr. Ferrill, as Plaintiff's Counsel, requested of the Board "...*all complaints against Dr. Messonnier, including all documents and tangible things attached to, enclosed with, or referred to within the complaint, and any reports of investigations*", pursuant to Texas Government Code Chapter 552. 3RR PX 3 (PDF 14)

Prior to the 2017 Amendment of § 801.207 (b) the position of the Board was that a licensee cannot adequately respond to allegations during an "informal conference" without review of the underlying complaint. This position is reflected in an Open Records Decision from then Attorney General (now Governor) Greg

4

Abbot, recognizing the constitutional implications of the necessity for meaningful notice at a meaningful time. See Open Records Decision No. 683, 3RR PX 5 (PDF 19-25).

Rather than comply with Dr. Messonnier 's request, the Board sought an Open Records Letter Ruling from the Texas Attorney General, requesting a determination that such records were exempt from production, citing, Texas Occupations Code § 801.207 (b) and specifically pointing out, by footnote, the 2017 amendment to that section. 3RR PX 4 (PDF 16-17)

On October 15, 2020, the Attorney General, without reference to General Abbott's ORD 683, issued its Letter Ruling that the complaint could not be released to the Plaintiff, who is the license holder and subject of the complaint. 3RR DX 3 (PDF 69-70)[4]

On February 23, 2021, the Board issued a Notice of Informal Conference ("Conference Notice") to Plaintiff, scheduling an Informal Conference pursuant to Texas Occupations Code § 801.408, to be held on March 23, 2021. 3RR PX 2 (PDF 9-12)

In addition to the Board Complaint Number CP19-202, which was listed in the Notice Letter, in the Conference Notice, the Board, for the very first time,

---

[4] Open Records Decision 2020-26067

5

included Board Complaint Numbers CP20-351; CP20-352; and CP20-353, notice of which Plaintiff, has never received.

The Conference notice provides that, in the conference, Appellant would be allowed a mere 10 minutes via Zoom, to address matters over which Appellant had no notice of the actual facts in issue. Thereafter the Enforcement Committee:

A.      Will **deliberate**; and

B.      May **find** that a violation of the Act[5] and Board Rule 575.29 occurred!

The Conference Notice contains mere conclusory "Allegations" and attaches a listing "potential violations" that is simply a listing of rule references. The Conference Notice does not adequately notify Dr. Messonnier of the **actual facts** underpinning such allegations.

The effect of and reliance by Appellant upon, §801.207 (b) to prevent Appellant from providing Dr. Messonnier, and those similarly situated, with the actual complaints underlying contemplated disciplinary action renders that statute, and rules and procedures applying that statute, unconstitutional as a violation of the right to constitutional due process of Dr. Messonnier's (and those similarly situated).

## SUMMARY OF THE ARGUMENT

The Board, in its Brief, overarchingly argues that Dr. Messonnier is not

---

[5] The Conference Notice does not specifically identify the "Act", Appellant's only authority is pursuant to the Texas Veterinary Licensing Act. Tex. Occ. Code § 801.001 et. seq.

entitled to declaratory relief. (Brief of Appellant, Page 7).  The Board then directs its argument into the following five subparts.

A.   The complaints lodged against Dr. Messonnier are strictly confidential under Texas law, and there are no exceptions;

B.   Dr. Messonnier has not been denied due process of law;

C.   Disclosure of the complaints would result in a chilling effect on complainants who allege harm on the part of Texas veterinarians;

D.   The Final Judgment regarding the Board rules is in an improper advisory opinion and does not redress any alleged injury; and

E.   The findings and declarations in the Final Judgment do not limit the disclosure of complaints to third parties.

**Dr. Messonnier will address subparts A and B together.**

**A-B   Section 801.207 (b) is constitutionally infirm as applied and the process undertaken by the Board has deprived him of his right to due process of law.**

There is no dispute that, on its face, § 801.207 (b) bars the release of complaints and investigation records of the Board to Dr. Messonnier.  **It is this very bar** which renders § 801.207 (b) unconstitutional, as to Dr. Messonnier, and those similarly situated.

The Board, on appeal and at trial, takes the inaccurate position that because an Informal Conference is not the **final adjudication** of the issues, it is not an "adjudicatory proceeding" and, therefore, according to the Board, Dr. Messonnier is not entitled to meaningful due process.

7

The Board ignores reality and its admission in the Conference Notice that at the conclusion of the ten minute informal conference, the Enforcement Committee, will, **deliberate** and may **find**, violations.

Should the Enforcement Committee, after its deliberations, find a violation, and propose a settlement, Dr. Messonnier is put to the choice of accepting a settlement with which he may not agree (and which he may be able to avoid with adequate substantive notice), or having the matter submitted to a contested case through SOAH, either of which outcomes could adversely impact his license and livelihood.

Due process at a minimum requires notice and an opportunity to be heard at a meaningful time, in a meaningful manner and must include the "rudiments of fair play.[6]"

As applied the effect of §801.207 (b) to bar the release of complaints and investigation records of the Board, prior to an informal conference before an Enforcement Committee, deprives Dr. Messonnier and those similarly situated from receiving meaningful notice at a meaningful time, of the facts and circumstances which may impact their livelihood.

The fact that the Enforcement Committee is not the final arbiter, and that there

---

[6] *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1994)

are additional layers through SOAH, does not change or eliminate the clear adjudicatory functions outlined in the Informal Conference Notice and as admitted by the Board in its brief.

**C.      The Board's Desire for Confidentiality does not override Due Process.**

The Board cites no authority that its concern with confidentiality of complaints, and speculative chilling of willing complainants, overrides Dr. Messonnier's right to fundamental due process where, as here, his is commanded to appear for an Informal Conference before an Enforcement Committee of the Board, with potential adverse impact on his livelihood.  As such, this issue is inadequately briefed and should not be considered by the Court.

**D.      The Judgment is not an impermissible Advisory Opinion**

As applied to 22 TAC 575.28 and 575.29, and practices, formal and informal thereunder the holding of the Trial Court is not an advisory opinion. The Trial Court holding as it relates to such rules is limited to invalidating Board Actions regarding Informal Conferences without providing Dr. Messonnier and those similarly situated, the actual complaints against them.

Both rules are directly impacted in this case. 22 TAC 575.28, deals with notice to a complainant and licensee regarding the projected timeline for disposition, and thus, implication of the existence of a complaint.  22 TAC 575.29 expressly deals with Informal Conferences and what must be provided, and by elimination, what is

9

not required to be provided, prior to an Informal Conference.

Neither rule requires the production of a complaint to a licensee, prior to an Informal Conference before an Enforcement Committee. Therefore, without such production, the rules are equally constitutionally infirm.

### E. If deemed necessary, this Court may modify Judgment language.

The Board complains that the Trial Court's Judgment is not limited to releasing otherwise confidential information to the licensee that is subject of the dispute. Pursuant to Texas Rule of Appellate Procedure 43.2 (b) this Court may, if it deems necessary, modify the Judgment to limit the effect. See *Kennebrew v Harris*, 425 SW 3d 588, (Tex. App—Houston [14th Dist.] 2014.no pet.)

### ARGUMENT

### A-B Section 801.207 (b) is constitutionally infirm as applied and the process undertaken by the Board has deprived him of his right to due process of law.

It is unclear from the Board's brief, if the Board is taking a position that Dr. Messonnier does or does not have a property right in his professional license, entitling him to due process protection. (See Appellants Brief, pages 8-9)

Regardless, it is clear that Dr. Messonnier does, in fact, have a constitutionally protectable property right. See *Scally v. Tex. State Bd. of Med. Examiners,* 351 S.W.3d 434, 446-447 (Tex. App.—Austin 2011, pet. denied).

There is no dispute that, on its face, § 801.207 (b) bars the release of

10

complaints and investigation records of the Board to Dr. Messonnier.  **It is this very bar** which renders § 801.207 (b) unconstitutional, as to Dr. Messonnier, and those similarly situated.

It is not disputed that:

> "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land. *Texas. Constitution,* Article I, § 19.

Or

> . . . nor shall any State deprive any person of life, liberty, or property, without due process of law. . . *United States Constitution,* Fourteenth Amendment, § 1.

Prior to 2017, complaints against Veterinarians were routinely provided to the license holder because the board itself recognized that "without review of the complaint, a licensee cannot adequately respond . . . ".  (See recitation within ORD 683, Gregg Abbott, 3RR PX 5 at page 4 (PDF 20)). In that Open Records Decisions, then Attorney General and now Governor Abbott recognize the constitutional necessity implications.

Due process at a minimum requires notice and an opportunity to be heard at a **meaningful time and in a meaningful manner**. Texas courts have also defined the minimum as requiring the presence of the "rudiments of fair play." *Ray v. Texas State Bd. of Pub. Accountancy*, 4 S.W.3d 429, 433, (Tex. App. – Austin 1999, no pet.),[emphasis supplied, internal quotations omitted].

It has been held that "[m]eaningful notice requires more than a quotation from

the controlling statutes may be required, by way of "notice," under the circumstances of a particular contested case, if the licensee is to receive both "reasonable notice" and "due process of law as guaranteed by the State and Federal Constitutions." *Texas State Bd. of Pharmacy v. Seely*, 764 S.W.2d 806, 814, (Tex.App.-- Austin 1988, writ denied). Similarly the conclusory allegations within the Conference Notice and the boiler plate listing of potential violations , do not provide meaningful notice.

Because of such constitutional infirmity, Section 801.207 (b) as applied must yield to Dr. Messonnier's rights to fundamental due process prior to an informal conference before an Enforcement Committee, deprives Dr. Messonnier and those similarly situated from receiving meaningful notice at a meaningful time, of the facts and circumstances which may impact their livelihood.

The Board, on appeal and at trial, takes the inaccurate position that because an Informal Conference is not the **final adjudication** of the issues, it is not an "adjudicatory proceeding" and, therefore, according to the Board, Dr. Messonnier is not entitled to meaningful due process.

At trial, Counsel for the Board opined:

16. They refer the case to SOAH and its
17. just – like in District Court, you get discovery,
18. you have notice, you have hearings, you can confront
19. witnesses, brief the issues, fully argue.
20. **That's where the due process is."** 2RR P 22- L 16-20

In advancing this position the Board ignores reality and its admission in the

Conference Notice that at the conclusion of the ten minute informal conference, the Enforcement Committee, will, **deliberate** and may **find**, violations. 3RR PX 2 (PDF 9)

Should the Enforcement Committee, after its deliberations, find a violation, and propose a settlement, Dr. Messonnier is put to the choice of accepting a settlement with which he may not agree (and which he may be able to avoid with adequate substantive notice), or having the matter submitted to a contested case through SOAH, either of which outcomes could adversely impact his license and livelihood.

The fact that the Enforcement Committee is not the final arbiter and that there are additional layers through SOAH does not change or eliminate the clear adjudicatory functions outlined in the Informal Conference Notice and as admitted by the Board in its brief.

The Board cites no authority for its chosen "closed ended" definition of an "adjudicatory proceeding" beginning only with the filing of a contested case with SOAH and ending with Judicial Review.

No definition of an "adjudicative proceeding" is found in the Texas

13

Administrative Procedures Act.[7]

The Board's reliance on *Hannah v. Larche,* 363 U.S. 420, 80 S. Ct. 1502, 4 L. Ed. 2d 1307 1960 U.S. is misplaced. In *Hannah,* the commission on civil rights, a purely investigative body with no enforcement authority whatsoever was charged with investigating voting issues and **reporting only** to the President and Congress *Hannah* 363 U.S. 420, 440, 80 S. Ct. 1502, 1514, 4 L. Ed. 2d 1307, 1320. The commission on civil rights was not a part of any enforcement agency and had no authority whatsoever beyond reporting.

In contrast, to *Hannah,* in this case, the Informal Conference was to be conducted by an Enforcement Committee, with the authority to conduct informal proceedings, make findings and, subject to the ultimate approval of the Board, seek and enter an agreed sanction settlement with licensees such as Dr. Messonnier. [8]

Instructive on the concept of an "adjudicatory proceeding is the "Terminology" definitions contained within the Preamble to the *Texas Disciplinary Rules of Professional Conduct* applicable for Attorneys, which expressly defines:

> "Adjudicatory Proceeding" denotes the consideration of a matter by a Tribunal..

---

[7] The definition of Contested Case in Texas Government Code § 2001.003 (1) does **include** the term "adjudicative hearing" but does not **exclude** other matters. The Board also cites this definition from *Ramirez v. Texas State Bd. of Medical Examiners*, 927 S.W.2d 770 Tex.App.--Austin 1996, pet denied, however nothing in *Ramirez* excludes an Informal Conference from being an adjudicative proceeding under these facts.

[8] Texas Occupations Code § 801.408

14

"Tribunal" denotes any governmental body or official or **any other person engaged in a process of resolving a particular dispute** or controversy. "Tribunal" includes such institutions as courts and administrative agencies when engaging in adjudicatory or licensing activities as defined by applicable law or rules of practice or procedure, as well as judges, magistrates, special masters, referees, arbitrators, mediators, hearing officers and comparable persons empowered to resolve or to **recommend a resolution of a particular matter;** but it does not include jurors, prospective jurors, legislative bodies or their committees, members or staffs, nor does it include other governmental bodies when acting in a legislative or rule-making capacity

Unquestionably, an Enforcement Committee of the Board, when conducting an Informal Conference wherein the Enforcement Committee will deliberate, and may find violations, and may recommend resolutions, is serving as a Tribunal and is an Adjudicatory Proceeding.

Dr. Messonnier is, at that point, entitled to due process of law, including actual meaningful notice of the facts underpinning the allegations against him, which he is denied by the application of § 801.207 (b).

## C. The Board's Desire for Confidentiality does not override Due Process.

The Board cites no authority that its concern with confidentiality of complaints, and speculative chilling of willing complainants, overrides Dr. Messonnier's right to fundamental due process where, as here, he is commanded to appear for an Informal Conference before an Enforcement Committee of the Board, with potential adverse impact on his livelihood. As such this issue is inadequately briefed and should not be considered by the Court.

The only case cited by the Board, *Doe v. Iowa Bd. of Med. Examiners,* 733 N.W.2d 705, 708, Iowa Sup. 2007, does not address the constitutional implications in this case and is of no benefit to the Court.

**D.      The Judgment is not an impermissible Advisory Opinion**

As applied to 22 TAC 575.28 and 575.29, and practices, formal and informal the holding of the Trial Court is not an advisory opinion.  The Trial Court holding as relates to such rules and practices is limited to invalidating Board Actions regarding Informal Conferences **without** providing Dr. Messonnier and those similarly situated, the actual complaints against them.

Both rules are directly impacted in this case. 22 TAC 575.28, deals with notice to a complainant and licensee regarding the projected timeline for disposition, and thus, by implication the existence of a complaint.  22 TAC 575.29 expressly deals with Informal Conferences and what must be provided, and by elimination, what is not required to be provided, prior to an Informal Conference.

The Texas Administrative Procedure Act expressly authorizes a declaratory judgment action challenging the validity or applicability of a rule, where:

> ". . . it is alleged that the rule **or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff."** *Texas Government Code* § 2001.038 (a) (emphasis supplied).

Neither rule requires the production of a complaint to a licensee, prior to an Informal Conference before an Enforcement Committee.  The judgment issued by

16

the Trial Court, therefore, effectively redresses this constitutional flaw by barring proceeding without provided the required constitutional due process.

### E.      If deemed necessary, this Court may modify Judgment language.

The Board complains that the Trial Court's Judgment is not limited to releasing otherwise confidential information to the licensee that is subject of the dispute.

While the Judgment is fully within the authority of the Trial Court, as written, pursuant to Texas Rule of Appellate Procedure 43.2 (b) this Court may, if it deems necessary, modify the Judgment to limit the effect. See *Kennebrew v Harris*, 425 SW 3d 588, 598 (Tex. App—Houston [14th Dist.] 2014 no pet.)

### PRAYER

Appellee prays that this Court Affirm the trial court's judgment.

Respectfully submitted,

WHITAKER CHALK SWINDLE & SCHWARTZ PLLC

By: /s/ J. Kirk Bryant
J. Kirk Bryant
Texas State Bar No. 03280550
kbryant@whitakerchalk.com
Donald A. Ferrill, DVM
Texas State Bar No. 00784047
dferrill@whitakerchalk.com
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone (817) 878-05500

17

Fax (817) 878-0501

**ATTORNEYS FOR DR. MESSONNIER**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Plaintiff's Merits Brief was served via efiling and email on 31st day of January, 2025, on the following counsel:

Ted A. Ross
Assistant Attorney General
ted.ross@oag.texas.gov
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548
Austin, Texas 78711-2548
Attorney for Defendants

*/s/ J. Kirk Bryant*
J. Kirk Bryant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief of Appellant uses 14-point Roman type, except for footnotes, which are 12-point Roman type. Exclusive of the items listed in Rule 9.4(i)(1), TEXAS RULES OF APPELLATE PROCEDURE, this Brief contains 3,286 words (including textboxes, footnotes and endnotes), as determined using Word 365 software Version 2308.

*/s/ J. Kirk Bryant*
J. Kirk Bryant

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joe Bryant on behalf of Joe Bryant
Bar No. 03280550
kbryant@whitakerchalk.com
Envelope ID: 96843626
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: NO. 15-24-00102-CV Brief of Dr. Messonnier, Appellee
Status as of 1/31/2025 1:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Donald Ferrill | 784047 | dferrill@WhitakerChalk.com | 1/31/2025 1:02:38 PM | SENT |
| Joe Bryant | 3280550 | kbryant@whitakerchalk.com | 1/31/2025 1:02:38 PM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 1/31/2025 1:02:38 PM | SENT |
| Ted Ross | | ted.ross@oag.texas.gov | 1/31/2025 1:02:38 PM | SENT |

Associated Case Party: Shawn Messonnier

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| J. KirkBryant | | kbryant@whitakerchalk.com | 1/31/2025 1:02:38 PM | SENT |